# EXHIBIT "A"

Henry T. Heuer, State Bar No. 69006
PRINCE & HEUER, APLC
1322 Euclid Street, Suite 1
Santa Monica, CA 90404
Telephone: 310-477-7442

ELECTRONICALLY FILED
5/15/2019 10:48 PM
Kern County Superior Court
By Elizabeth Garcia, Deputy

Attorneys for Plaintiffs, HOLLY TAKAS, PAUL NIELSEN, ELIJAH NIELSEN and ZOEY TAKAS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY KERN

HOLLY TAKAS, an individual;
PAUL NIELSEN an individual;
ELIJAH NIELSEN an individual; and
ZOEY TAKAS an individual;

Plaintiffs,

vs.

CITY OF CALIFORNIA CITY, a governmental entity;
AGNES ITZHAKI, an individual;
RONTAL DEVELOPMENT, business form unknown,
RONTAL DEVELOPMENT, LP, a California partnership;
RONTAL DEVELOPMENT, LLC, a California limited liability company;
LOU PERALTA, an individual; and
DOE 1 through DOE 100, inclusive,

Defendants.

Case No.: BCV-19-101351

**COMPLAINT FOR WRONGFUL DEATH AND FOR PERSONAL INJURIES**

Plaintiffs complain and allege against defendants and each of them, as follows:

## PARTIES

1. This case involves the wrongful death of Kody Arthur Nielsen who died in a head-on collision while driving his 2012 Ford Fusion southbound on Neuralia Road in the

City of California City, County of Kern. (Exhibit A.)

2. Kody Arthur Nielsen was age 32 at the time of his death.

3. Kody Arthur Nielson was survived by his wife, plaintiff, Holly Takas, and his three children, Plaintiffs, Paul Nielsen (age 8), Elijah Nielsen (age7) and Zoey Takas (age 1).

4. A petition for appointment of a guardian *ad litem* for each of the three minor children is filed concurrently with this complaint.

5. These plaintiffs have standing to bring a wrongful death action against the defendants named herein in that they are the only surviving heirs at law of Kody Arthur Nielsen.

6. Paul Nielsen and Elijah Nielsen were back-seat passengers riding with their father Kody Arthur Nielson at the time of the crash. They survived the crash, but they sustained severe personal injuries.

7. Among other injuries and damage, Paul Nielsen suffered emotional distress having witnessed his father's death in the front seat of their 2010 Ford Fusion. He suffered a fractured spine, injury and bleeding to his spleen and liver. Paul Nielsen has incurred medical costs related to his injuries and will incur additional medical costs in an amount according to proof.

8. Among other injuries and damage, Elijah Nielsen suffered emotional distress having witnessed his father's death in the front seat of their 2010 Ford Fusion. He suffered injury and bleeding to his spleen and liver. Elijah Nielsen has incurred medical costs related to his injuries and will incur additional medical costs in an amount according to proof.

9. Defendant City of California City ("California City") was the owner, or party in control, of Neuralia Road where the dangerous condition existed that was a proximate cause of the crash that took the life of Kody Arthur Nielson, was a proximate cause of the personal injuries to Paul Nielsen and Elijah Nielsen, and was, in turn, a proximate cause of the various other elements of damage sustained by each of the plaintiffs.

10. Defendants Agnes Itzhaki, Rontal Development, Rontal Development, LP, Rontal Development, LLC, and DOE 1 through 100 (collectively the "Itzhaki Defendants") are the property owners of the vacant land adjacent to the place of the crash that had recently been graded without a license. Said property is designated by the Kern County Recorder as APN 30227404 and APN 30227405 (the "Itzhaki Property").

11. Defendants Lou Peralta ("Peralta") and DOE 1 through 100 graded the property owned by the Itzhaki Defendants, and he did so at the direction of the Itzhaki Defendants, without a license.

12. At all times mentioned in this complaint, defendants Rontal Development and DOE 1 through 100, and each of them, were business entities, form unknown, doing business in the State of California.

13. Plaintiffs are presently unaware of the true names and capacities, whether individual, partner, associate, corporate, or otherwise of the defendants sued herein as DOE 1 through 100, inclusive, and each of them, and therefore, plaintiffs sue said DOE defendants by such fictitious names. Plaintiffs are informed and believes and thereon alleges that each of these DOE defendants is responsible in some manner for or participated in the acts and occurrences alleged in this complaint, and in some manner are each liable to plaintiffs for the events, actions, and omissions set forth in this complaint and that plaintiffs' injuries and damages were legally caused by the negligence or other conduct of each such fictitiously-named defendant. Plaintiffs will seek leave of this court to amend this complaint when plaintiffs discover the true identity of said DOE defendants.

14. Plaintiffs are informed and believe, and thereon allege, that at all times relevant there existed a relationship between these DOE defendants, and each of them, in the nature of partners, joint venturers, employer and employee, master and servant, principal and agent, and/or co-conspirators, and that the acts and omissions of defendants, and each of them, were duly authorized and carried out within the course and scope of this relationship, and each defendant has ratified and approved the acts of its agent.

15. Plaintiffs are informed and believe and thereon allege that each of the

defendants was the successor-in-interest to each of the remaining defendants, and on that basis is liable for any act, omission, or product defect of the defendants alleged in this complaint.

## GENERAL ALLEGATIONS

16. The head-on collision of the automobiles that caused the injuries to each plaintiff as alleged in this complaint occurred at or about 5:33 p.m. on April 12, 2018, on Neuralia Road, south of Lindbergh Boulevard in California City, Kern County, California.

17. At all times relevant to this Complaint, defendant California City and DOE 1 through 100, and each of them, owned, occupied, leased, used, maintained, managed, controlled, or operated the premises known as Neuralia Road, located in California City, County of Kern, State of California..

18. On or about March 15, 2018 defendants Peralta and the Itzhaki Defendants graded the Itzhaki Property, removed the ground cover vegetation and loosened the soil, leaving the land stripped of its natural desert vegetation with a raw, loose dirt surface. The grading was done without a permit and created a road hazard due to an excessive dust condition on Neuralia Road. The Itzhaki Defendants were cited for this illegal activity and fined $250. Neither the Itzhaki Defendants nor defendant Peralta took steps at any time to remedy this dangerous condition.

19. Neuralia Road runs in a north-south direction. The Itzhaki Property lies on the west side of Neuralia Road at the point where the head-on collision occurred.

20. During the morning of April 12, 2018 the wind conditions blowing from the west became severe. The recent grading of the Itzhaki Property that had stripped the natural desert vegetation allowed for sustained wind gusts to loft dirt, sand and dust into the air. At the time of the collision, fine airborne dirt and dust particles created a visual hazard across Neuralia Road, significantly limiting visibility of that portion of Neuralia Road adjacent to the Itzhaki Property where the head-on collision occurred.

21. Beginning in the morning of April 12, 2018 citizens began calling for help

about the existing visual hazard and dangerous condition of Neuralia Road at the location of the Itzhaki Property. Calls were made to various personnel at California City, warning of the danger. During the course of the day on April 12, 2018 as many as 30 calls were made notifying California City of the dangerous conditions.

22. During the course of the day on April 12, 2018, at the time of the head-on collision, the visibility on Neuralia Road was clear, except at the Itzhaki Property where it had been reduced to 12 feet because of the airborne sand, dust and gravel blowing in the wind from the Itzhaki Property.

23. The property where the head-on collision occurred was in a dangerous condition known to California City and to all other defendants at the time of the incident.

24. The dangerous condition at Neuralia Road at the Itzhaki Property created a reasonably foreseeable risk of the kind of incident and injuries that occurred.

25. Despite full knowledge of the dangerous conditions existing all day long on Neuralia Road at the location of the Itzhaki Property California City took no steps to close the road or to eliminate the dangerous conditions in any way.

26. California City had notice of the dangerous condition for a long enough time to have protected against it prior to the head-on collision on April 12, 2018 at approximately 5:30 p.m. For example, California City could have simply closed the road to vehicular traffic.

27. The dangerous condition was a substantial factor in causing the death of Kody Arthur Nielsen and the subsequent damages to plaintiffs and each of them as herein alleged.

28. As a result of the dangerous condition of Neuralia Road that caused the head-on collision, Kody Arthur Nielsen was killed and his sons Paul Nielsen and Elijah Nielsen suffered severe personal injuries and emotional distress watching their father die in the front seat.

///

///

**FIRST CAUSE OF ACTION**

**Negligence -- Dangerous Condition of Public Property**

(By All Plaintiffs Against All Defendants, And Each Of Them)

29. Plaintiffs incorporate by reference paragraphs 1 through 28 as though fully set forth herein.

30. In compliance with Government Code § 910, on or about October 3, 2018, plaintiffs presented claims to California City for the injuries, disabilities, losses, and damages suffered and incurred by them by reason of the April 12, 2018 head-on collision described in this Complaint. California City rejected these claims on or about November 20, 2018 or failed to act on these claims within 45 days, resulting in these claims being rejected by operation of Government Code § 945.4.

31. Plaintiffs are informed and believe and, upon this information and belief, allege that California City, DOE 1 through 100, and each of them, acting by and through their authorized agencies, agents, servants, and employees, were charged with the responsibility of designing, constructing, operating, signing, maintaining, repairing and regulating the area commonly known as Neuralia Road, including, but not limited to, diverting traffic, installing and maintaining median barriers, guardrails, shoulders, shoulder barriers, signs, traffic control divices, striping, or other delineation and/or warning at or near the site of the head-on collision.

32. Defendant California City, DOE 1 through 100, and each of them, negligently and carelessly designed, warned, failed to warn, constructed, created, maintained, repaired, owned, operated, controlled, signed, and diverted or regulated the traffic on Neuralia Road, creating a dangerous condition by:

(a) failing to close the road to automobile traffic or to warn of, and/or prevent and/or correct a "dangerous condition" then existing on April 12, 2018;

(b) failing to provide and/or maintain Neuralia Road in an adequate and safe condition by closing the road or diverting traffic or performing other reasonable measures to eliminate the dangerous condition; and

(c) failing to warn of the known dangerous condition presented by the reduced visibility hazard on Neuralia Road at the location of the Itzhaki Property.

33. Defendants California City and DOE 1 through 100, and each of them, failed to take reasonable or adequate measures to protect Kody Arthur Nielsen and other similarly situated motorists resulting in serious injuries to these users, including plaintiffs, which were at all times foreseeable to defendants and each of them.

34. Defendants California City and DOE 1 through 100, and each of them, by and through their acts and omissions, created and caused the dangerous conditions as described in this Complaint, as these conditions created a substantial risk of the types of injuries and deaths as alleged in this Complaint, even where defendants' property was used in a foreseeable manner.

35. Defendants California City, and DOE 1 through 100, and each of them, had actual and/or constructive notice of the defective and substantially dangerous conditions a sufficient time prior to plaintiffs' injuries to have taken measures to protect against the dangerous conditions. The actual notice existed because defendants and/or its employees and agents had actual knowledge of the existence of these conditions and knew, or should have known, of their dangerous character since defendants and/or its employees and agents owned, constructed, maintained and created these conditions. Constructive notice existed because these conditions had existed for such a period of time and were of such an obvious nature that these public entities, in the exercise of due care, should have discovered these conditions and their dangerous character. The existence of these conditions and their dangerous character would have been discovered by an inspection system that was reasonably adequate to inform California City, and DOE 1 through 100, and each of them, whether the property was safe for the use or uses for which these public entities used or intended others to use the public property and for uses that these public entities actually knew others were making of the public property including, but not limited to, visual inspections of the roadway in use and examination of traffic safety data readily available to the defendants. During the course of any such reasonably adequate inspection, the

defendants would have discovered these conditions, and their dangerous character, as described above.

36. In light of the notice to defendants California City, and DOE 1 through 100, and each of them, and their agents and employees, defendants' failure to adequately sign, remedy, guard, or otherwise warn of the dangerous condition of the road, their failure to post adequate signs or other warning devices to guard or warn against the dangerous condition of the roadway, and their failure to provide remedial measures, caused a trap to exist for people approaching and proceeding on Neuralia Road, where plaintiffs' head-on collision occurred.

37. Plaintiffs' accident was a legal result of both the dangerous conditions described in this Complaint, and the failure of defendants California City, and DOE 1 through 100, and each of them, to have adequate warnings concerning these conditions.

38. As a legal result of the dangerous conditions created by the defendants California City, and DOE 1 through 100, and each of them:

(a) Plaintiff Paul Nielsen was severely hurt and injured in his health, strength, and activity, sustaining a fractured spine, an injured and bleeding spleen and liver, and other injuries, all of which have caused and will continue to cause him great mental, physical, and nervous pain and suffering. Plaintiff Paul Nielsen is informed and believes and thereon alleges that such injuries will result in some permanent disability to him. As a result of such injuries, plaintiff has suffered general damages in an amount to be proven at the time of the trial of this action; and

(b) Plaintiff Elijah Nielsen was severely hurt and injured in his health, strength, and activity, sustaining an injured and bleeding spleen and liver and other injuries, all of which have caused and will continue to cause him great mental, physical, and nervous pain and suffering. Plaintiff Elijah Nielsen is informed and believes and thereon alleges that such injuries will result in some permanent disability to him. As a result of such injuries, plaintiff has suffered general damages in an amount to be proven at the time of the trial of this action.

39. As a direct and proximate result of the conduct of the defendants, and each of them, and of the death of Kody Arthur Nielsen, plaintiffs have been deprived of the moral support, society care and comfort of Kody Arthur Nielsen and have suffered the loss of future services, earnings, contributions, gifts and protection of Kody Arthur Nielsen, to their great loss and damage in an amount to be shown according to proof.

40. As a further proximate result of said conduct of defendants, and each of them, and the resulting death of her husband, plaintiff, Holly Takas, was compelled to incur expenses for ambulances, hospitals, physicians, nurses and other professional services, and for the funeral and cremation of her husband; the exact total amount of said expenses is unascertained at this time. When said expense is known, plaintiff will ask leave of court to amend this Complaint accordingly.

41. At the time of his death, Kody Arthur Nielsen, was gainfully employed and contributing financially to the support of plaintiffs. Plaintiffs allege that they will be deprived of the financial support and contributions of their deceased husband and father for an indefinite period in the future, all to plaintiffs' further damage in an amount to be shown according to proof.

## SECOND CAUSE OF ACTION

### Nuisance

(By All Plaintiffs Against All Defendants, And Each Of Them)

42. Plaintiffs incorporate by reference paragraphs 1 through 41 as though fully set forth herein.

43. In doing the thing as herein alleged and when creating the hazardous condition at Neuralia Road, defendants and each of them created a nuisance in violation of Civil Code § 3479 in that they and each of them unlawfully obstructed the free passage or use of the street, Neuralia Road, California City, California.

44. The hazardous condition at Neuralia Road created by defendants and each of them as herein alleged affected the entire community or neighborhood.

45. No defendant has taken any steps to abate the nuisance created and affecting Neuralia Road.

**THIRD CAUSE OF ACTION**

**Negligence – Personal Injury**

(By Plaintiffs Paul Nielsen And Elijah Nielsen Against All Defendants)

46. Plaintiffs Paul Nielsen and Elijah Nielsen incorporate by reference paragraphs 1 through 45 as though fully set forth herein.

47. On April 12, 2018, at the time of the head-on collision alleged above, plaintiffs Paul Nielsen and Elijah Nielsen were back-seat passengers in the 2012 Ford Fusion driven by their father, Kody Arthur Nielsen. Both Paul Nielsen and Elijah Neilsen were properly seat-belted.

48. Plaintiffs Paul Nielsen and Elijah Nielsen allege that the acts of the Itzhaki Defendants and Peralta and each of them as herein alleged were negligent and the acts were a legal (proximate) cause of injuries and damages to plaintiffs.

49. The Itzhaki Defendants and Peralta willfully or maliciously failed to guard or warn against the dangerous condition they created.

50. As additional damages against defendants Itzhaki and Lou Peralta only, and not against California City, plaintiffs allege these defendants were guilty of malice, fraud and oppression as defined in Civil Code § 3294, and plaintiffs should recover, in addition to actual damages, damages to make an example of and to punish these defendants.

51. When doing the things alleged in this complaint the Itzhaki Defendants and Peralta knew the effect of the grading they performed and the related hazardous dust conditions that would result when wind conditions were high. Despite this knowledge, the Itzhaki Defendants and Peralta acted with conscious disregard for the safety of others and caused the dangerous conditions that caused the death of Kody Arthur Nielsen.

///

///

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against the defendants, and each of them, as follows:

**For Plaintiff Holly Takas And Against All Defendants:**

A. General damages in a sum according to proof;

B. Sums incurred and to be incurred for services of hospitals, physicians, surgeons, nurses and other medical supplies and services;

C. Funeral, cremation and burial expenses;

D. Loss of financial contributions and gifts incurred and to be incurred;

E. Loss of services of Kody Arthur Nielsen;

F. For loss of love, companionship, affection, moral support, society, sexual relations and solace;

G. Loss of income and contributions incurred and to be incurred according to proof;

H. As for all defendants, except the City of California City, for the interest provided by law including, but not limited to, California Civil Code § 3291;

I. For loss of use and fair market value of the 2012 Ford Fusion that was destroyed;

J. For attorney fees and other costs of suit according to proof, and

K. For such other and further relief as the court deems proper.

**For Paul Nielsen And Elijah Nielsen Against All Defendants:**

A. For general damages in a sum according to proof;

B. For past and future medical expenses;

C. For the loss of future earnings and ability to earn money.

D. For other economic damages sustained by these plaintiff, according to proof;

E. Loss of parental services, companionship, moral support, affection, society and solace;

F. Loss of financial contributions and gifts incurred and to be incurred;

G. As for all defendants, except the City of California City, for the interest provided by law including, but not limited to, California Civil Code § 3291;

H. As for the Itzhaki Defendants and defendant Peralta only, and not for defendant California City or any other governmental entity, for punitive damages in an amount appropriate to punish these defendants and deter others from engaging in similar misconduct;

I. Other economic damages sustained by these plaintiffs, according to proof;

J. For attorney fees and other costs of suit according to proof, and

K. For such other and further relief as the court deems proper.

**For Zoey Takas And Against All Defendants:**

A. Loss of parental services, companionship, moral support, affection, society and solace;

B. Loss of financial contributions and gifts incurred and to be incurred;

C. For other economic damages sustained by this plaintiff, according to proof;

D. As for all defendants, except the City of California City, for the interest provided by law including, but not limited to, California Civil Code § 3291;

E. Non-economic damages for the loss of training and guidance;

F. For attorney fees and other costs of suit according to proof; and

G. For such other and further relief as the court deems proper.

Dated: May 14, 2019

PRINCE & HEUER,
A Professional Law Corporation

By: *Henry T. Heuer*
HENRY T. HEUER,
Attorney for Plaintiffs,
HOLLY TAKAS, PAUL NIELSEN, ELIJAH NIELSEN and ZOEY TAKAS.

# EXHIBIT A

CONTROLLED DOCUMENT - DO NOT REPRODUCE - CONTROLLED DOCUMENT

CALIFORNIA CITY POLICE DEPARTMENT

21130 HACIENDA BLVD CALIFORNIA CITY, CA 93505 760 373 8606

IMAGES FOR CASE CR18-0564

Page 10

04/30/2018



Photo #: 10
Date Taken: 04/16/2018
ID: 53025

Notes

LEFT SIDE OF V2

4/30/2018 corcoran Released to Prince & Heuer Law Firm
4/30/2018 corcoran