ALAN H. BARBANEL (Cal Bar No. 108196)
abarbanel@btlawla.com
ILYA A. KOSTEN (Cal Bar No. 173663)
ikosten@btlawla.com
BARBANEL & TREUER, P.C.
1925 Century Park East, Suite 350
Los Angeles, California 90067
Telephone: (310) 282-8088
Facsimile: (310) 282-8779

Attorneys for Defendant, UNITED STATES LIABILITY INSURANCE COMPANY

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AGNES ITZHAKI, an individual; RONTAL DEVELOPMENT, LP, a California partnership; RONTAL DEVELOPMENT, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES LIABILITY INSURANCE COMPANY, a Pennsylvania corporation and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:20-cv-11271 AB (Ex)<br><br>**DEFENDANT UNITED STATES LIABILITY INSURANCE COMPANY'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date: April 9, 2021<br>Time: 10:00 A.M.<br>Crtrm.: 7B<br><br>[*The Hon. Andre Birotte Jr*.] |

Defendant United States Liability Insurance Company ("USLI") hereby submits the attached reply memorandum of points and authorities in further support of its motion for summary judgment.

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. THE INDEPENDENT CONTRACTOR EXCLUSION APPLIES ..... 1

A. There Was No Reduction in Coverage by USLI ..... 1

B. The Independent Contractor Exclusion Applies Because Lou Peralta Was Indisputably an Insured's Independent Contractor ..... 3

C. The Independent Contractor Exclusion is Unambiguous. ..... 4

D. USLI Properly Investigated and Evaluated Its Duty to Defend ..... 6

III. THE POLLUTION EXCLUSION APPLIES ..... 7

A. The Pollution Exclusion Applies Regardless of Type of *Activity* ..... 7

B. This Case Involves Traditional Environmental Contamination In Any Event ..... 9

IV. THE PREMISES PERIMETER LIMITATION APPLIES ..... 10

V. CONCLUSION ..... 11

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

# TABLE OF AUTHORITIES

**Page**

## CASES

*Acceptance Ins. Co. v. Syufy Enterprises*, 69 Cal.App.4th 321 (1999) ........ 7

*Alcolac Inc. v. California Union Ins. Co.*, 716 F.Supp. 1546 (D.Md.1989) ........ 7

*Atlas Assur. Co., Ltd. v. McCombs Corp.*, 146 Cal.App.3d 135 (1983) ........ 12

*Bank of the West v. Superior Court*, 2 Cal.4th 1254 (1992) ........ 11

*Bay Cities Paving & Grading, Inc. v. Lawyers' Mutual Ins. Co.*, 5 Cal.4th 854 (1993) ........ 11

*Blumberg v. Guarantee Ins. Co.*, 192 Cal.App.3d 1286 (1987) ........ 8

*Borello Sons Inc. v. Department of Industrial Relations*, 48 Cal.3d 341 (1989) ........ 4

*Clarendon America Ins. Co. v. North American Capacity Ins. Co.*, 186 Cal.App.4th 556 (2010) ........ 12

*Continental Heller Corp. v. Amtech Mech. Svcs.*, 53 Cal.App.4th 500 (1997) ........ 6

*Cooper Cos. v. Transcontinental Ins. Co.*, 31 Cal.App.4th 1094 (1995) ........ 13

*Delgado v. Interinsurance Exch. of Auto. Club of Southern Calif.*, 47 Cal.4th 302 (2009) ........ 11

*Dynamex Operations West, Inc. v. Superior Court*, 4 Cal.5th 903 (2018) ........ 3

*Employers Casualty Co. v. Northwestern Nat. Ins. Group,* 109 Cal.App.3d 462 (1980) ........ 10

*General Reinsurance Corp. v. St. Jude Hosp.*, 107 Cal.App.4th 1097 (2003) ........ 12

*Hallmark Ins. Co. v. Superior Court*, 201 Cal.App.3d 1014 (1988) ........ 11

*Hervey v. Mercury Cas. Co.*, 185 Cal.App.4th 954 (2010) ........ 12

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

*Legarra v. Federated Mut. Ins. Co.*, 35 Cal. App. 4th 1472 (1995) .......... 7

*Liberty Surplus Ins. Corp. v. Ledesma & Meyer Const. Co., Inc.*, 5 Cal.5th 216 (2018) .......... 11

*MacKinnon v. Truck Ins. Exch*, 31 Cal.4th 635 (2003) .......... 8

*Maples v. Aetna Cas. & Surety Co.*, 83 Cal.App.3d 641 (1978) .......... 11

*Mount Vernon Fire Ins. Co. v. Future Tech Constr. Corp.*, 1997 WL 419997 (S.D.N.Y. 1997) .......... 5

*Mount Vernon Fire Ins. Co. v. William Monier Constr. Co.*, 1996 WL 447747 (S.D.N.Y. 1997) .......... 5

*Mount Vernon v. Chios*, 1996 WL 15668 .......... 5

*National Auto. & Cas. Ins. Co. v. Stewart*, 223 Cal.App.3d 452 (1990) .......... 13

*Oil Base, Inc. v. Continental Casualty Co.*, 271 Cal.App.2d 378 (1969) .......... 10

*Ortega Rock Quarry v. Golden Eagle Ins. Corp.*, 141 Cal.App.4th 969 (2006) .......... 8

*Remmer v. Glens Falls Indem. Co.*, 140 Cal.App.2d 84 (1956) .......... 10

*Sarchett v. Blue Shield of Calif.*, 43 Cal.3d 1 (1987) .......... 12

*Schrillo Co. v. Hartford Accident & Indemnity Co.*, 181 Cal.App.3d 766 (1986) .......... 10

*Smith Kandal Real Estate v. Continental Casualty Co.*, 67 Cal.App.4th 406 (1998) .......... 7

*State Farm Mut. Auto. Ins. Co. v. Longden*, 197 Cal.App.3 226 (1987) .......... 10

*Sylla v. United States Fid. & Guar. Co.*, 54 Cal.App.3d 895 (1973) .......... 10

*Tijsseling v. General Acc. Etc. Assur. Corp.*, 55 Cal.App.3d 623 (1976) .......... 10

*Tsakopoulos v. American Manufacturers Mut. Ins. Co.*, 2003 WL 22595248 (E.D. Cal. 2000) .......... 8

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

*U.S. Underwriters Ins. Co. v. Congregation B'nai Israel*,
900 F.Supp. 641 (E.D.N.Y.1995)....................5

*Waller v. Truck Ins. Exch.*,
11 Cal. 4th 1 (1995)....................5

*Waller v. Truck Ins. Exch., Inc.*,
11 Cal. 4th 1 (1995)....................6

*Wolf Machinery Co. v. Insurance Co. of North America,*
133 Cal.App.3d 324 (1982)....................10

**STATUTES**

Civ. Code § 1649....................11

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The plaintiffs' opposition consists of baseless accusations and denials of actual facts, buttressed by irrelevant hypotheticals, inapplicable law, and inadmissible evidence. Most incredibly, the plaintiffs appear to disavow coverage for Rontal Development LP, the actual owner of the insured vacant property for whom they requested coverage, to make their argument that the contractor exclusion in the USLI policy does not apply. (Opp., p. 3:7-8 ("Rontal Development, LP is not an insured under the policy.")) They also speculate how unreasonable USLI's interpretation of its pollution exclusion *would be* if this case involved a release of water onto adjacent land or someone getting shampoo in their eye. (Opp. p. 17:15-18). Then, while acknowledging the rule that an insurance policy must be interpreted in accordance with how a lay person would read and understand it, as opposed to an insurance expert or attorney (Opp., p. 16:11-13), they present a self-serving 100+ page declaration from a purported *insurance expert and attorney* to explain how the policy should be interpreted here. (See Charles Miller Decl.) Finally, they also claim that the admittedly planned and intentional grubbing work on the property was "an accident" for purposes of the premises perimeter policy condition. (Opp., pp. 23:22-24:2).

None of the plaintiffs' arguments withstands scrutiny. The plaintiffs fall far short of creating any genuinely disputed material facts. As demonstrated in the moving papers and below, both of the exclusions and the premises condition apply as a matter of law to defeat potential coverage and USLI's duty to defend the *Takas* Action. But even if only one of the exclusions or the premises condition applies, USLI's motion should be granted.

## II. THE INDEPENDENT CONTRACTOR EXCLUSION APPLIES

### A. There Was No Reduction in Coverage by USLI

The plaintiffs boldly proclaim that "Rontal Development, LP is not an insured

under the policy." (Opp. pp. 3:7-8, 11:14-15 and ADF#4). As ill-advised as that gambit may be, it is also simply untrue. The fact is that, pursuant to the express request of the insureds' authorized insurance broker, Randle Frankel, Rontal Development, LP was made an insured under the policy. (Frankel Decl. ¶ 6: "On or about July 5, 2018, at my request, USLI amended policy number CL1786660 such that Rontal Development, LP was added as an additional named insured on the policy effective December 8, 2017.") (See, also, Connor Decl. Exh. A at USLI 00097-00099). Any accusation that the endorsements making Rontal Development, LP an insured eliminated coverage for Agnes Itzhaki is a false and groundless distraction. The "Who Is An Insured" Section of the Policy provides that "1. If you are designated in the Declarations as:

* * *

b. A partnership or joint venture, you are an insured. *Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.*" (Connor Decl. Exh. A at USLI 00057, emphasis added). Agnes Itzhaki was and is a general partner of Rontal Development, LP. (Itzhaki Decl. ¶ 2). Her activities with respect to retaining Lou Peralta were in her capacity as the general partner of Rontal Development, LP. (Id. ¶ 6). Thus, notwithstanding the endorsement designating Rontal Development, LP as the named insured, Ms. Itzhaki has continued to be insured under the Policy at all times. An insurer's *addition* of an insured *at the policyholder's request*, under the *same* coverage terms, is *not* a *reduction* in coverage.

The INDEPENDENT CONTRACTORS/SUBCONTRACTORS EXCLUSION provides, in relevant part, "that this policy shall not apply to 'bodily injury' . . . arising out of the operations performed *for any insured* by any contractor(s) or acts or omissions of any insured in the selection, or supervision of any contractor(s)." Rontal Development, LP was and is an insured under the Policy notwithstanding the plaintiffs' acrobatics. The grubbing work by Mr. Peralta was

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

admittedly performed for Rontal Development. (Itzhaki Decl. ¶ 6).

**B. THE INDEPENDENT CONTRACTOR EXCLUSION APPLIES BECAUSE LOU PERALTA WAS INDISPUTABLY AN INSURED'S INDEPENDENT CONTRACTOR.**

Plaintiffs argue that this exclusion does not apply because Mr. Peralta was not an independent contractor, but qualified as an employee of Rontal Development, LP. (See, e.g., Opp., p. 14:2). However, despite Ms. Itzhaki's claimed lack of understanding of the *legal* distinction between an independent contractor and an employee, the *fact* remains the same as it was when she first reported the claim to USLI and USLI investigated it – there is zero evidence of Mr. Peralta being an employee of Rontal Development, LP. Not a single declaration submitted in opposition to the motion actually states that Mr. Peralta was *employed* by Rontal Development, LP, worked regular hours or shifts, received a salary or a W-2, took directions regarding performance of his work, or enjoyed meal breaks, overtime pay, vacation, benefits, workers' compensation coverage, or performed any work other than the one specific, isolated grubbing project. Instead, Ms. Itzhaki's declaration under penalty of perjury repeats what she told USLI when she made her claim. "I contacted Lou Peralta about removing trash and debris from the property. I had known Lou Peralta for a number of years. He was a motorcycle race organizer. However, he occasionally picked up odd jobs doing grubbing work." (Itzhaki Decl. ¶ 6). The fact that Ms. Itzhaki identified for Peralta the property from which to remove trash and debris (Id. at ¶ 7) – does not amount to exercising sufficient (or any) control and supervision over the actual performance of his work. She merely told him which Rontal parcel to clean up. Peralta, then, all on his own, proceeded to clean up the property, remove the large items, use a tractor to collect small debris into piles of trash, and use a watering truck to keep the dust down. (Id. at ¶ 8).

*Dynamex Operations West, Inc. v. Superior Court*, 4 Cal.5th 903 (2018) did not "supersede" *Borello Sons Inc. v. Department of Industrial Relations*, 48 Cal.3d

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

341 (1989), as claimed in the plaintiffs' opposition at p. 13:6-16, but merely distinguished it in the, inapplicable here, context of examining the "suffer or permit to work" standard in California wage orders. The three-factor test in *Dynamex* does not apply here. Under *Dynamex*, the burden is on the hiring entity (i.e. Rontal Development, LP) to establish that the worker is an independent contractor who was not intended to be included within the wage order's coverage; and (2) requiring the hiring entity, in order to meet this burden, to establish each of the three factors embodied in the ABC test—namely (A) that the worker is free from the control and direction of the hiring entity in connection with the performance of the work, both under the contract for the performance of the work and in fact; and (B) that the worker performs work that is outside the usual course of the hiring entity's business; and (C) that the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed. *Dynamex, supra*, 4 Cal. 5th at 957. The issue here is not a wage order, but the policy exclusion in the USLI policy, and the plaintiffs have every incentive to prove that Peralta was *not* an independent contractor. But even if the *Dynamex* ABC test did apply, Ms. Itzhaki's sworn declaration supports the conclusion that Peralta was an independent contractor of Rontal Development, LP, not its employee. She does not state that Rontal Development, LP controlled or directed Peralta's performance of the work. Instead, she testifies that she merely told him which property to clean up; he performed work (grubbing) that was outside the usual course of Rontal's business (vacant land investment); and Peralta customarily, even if only occasionally, engaged in an independently established trade (grubbing) as the work he performed. (Itzhaki Decl. ¶¶ 6-8).

**C. <u>THE INDEPENDENT CONTRACTOR EXCLUSION IS UNAMBIGUOUS</u>.**

The plaintiffs' remaining argument – that the term "contractor" is ambiguous and could be reasonably refer to someone with a contractor's license, rather than an independent contractor in contrast to an employee, has been rejected by courts

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

addressing this very policy provision. See, e.g., the cases cited in the USLI moving papers (Points and Authorities, p. 13:8-19) addressing the very same exclusion: *Mount Vernon Fire Ins. Co. v. William Monier Constr. Co*., 1996 WL 447747 (S.D.N.Y. 1997) and *Mount Vernon Fire Ins. Co. v. Future Tech Constr. Corp*., 1997 WL 419997 (S.D.N.Y. 1997). "The language of the 'independent contractors exclusion' contained in the insurance policy involved in this litigation has consistently been interpreted to be 'clear and unambiguous'. . . ." *Mount Vernon Fire Ins. Co. v. Future Tech Constr. Corp*., 1997 WL 419997, *2, citing *Mount Vernon Fire Ins. Co., v. William Monier Construction Co*., 1996 WL 447747, at *3 (S.D.N.Y. Aug. 7, 1997); *U.S. Underwriters Ins. Co. v. Congregation B'nai Israel*, 900 F.Supp. 641, 645 (E.D.N.Y.1995); *Mount Vernon v. Chios*, 1996 WL 15668, at *8.

Moreover, the suggestion that "contractor" could reasonably refer to someone in the construction industry, rather than his or her employment status, is further dispelled by other provisions in the USLI policy. For example, the "BODILY INJURY EXCLUSION - ALL EMPLOYEES, VOLUNTEER WORKERS, TEMPORARY WORKERS, CASUAL LABORERS, CONTRACTORS, AND SUBCONTRACTOR" Endorsement (Connor Decl., Exh. A at USLI 00083) provides the terms of coverage for bodily injury to any and all listed types of workers characterized by their *employment status*. That endorsement also uses "contractor" and "subcontractor," but these terms logically can only relate to employment status, not licensure by the California Contractors' State License Board. "Courts will not strain to create an ambiguity where none exists." *Waller v. Truck Ins. Exch*., 11 Cal. 4th 1, 18-19 (1995).

Likewise, the policy also has a separate, specific endorsement applicable to "construction operations," which demonstrates that "construction" is distinguishable from "contracting" and that "contracting" does not refer to "construction," as the plaintiffs would have it. (See, Connor Decl. Exh. A at USLI 00085). Language in a

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

contract must be interpreted as a whole, and in the circumstances of the case, and cannot be found to be ambiguous in the abstract. *Bank of the West, supra*, 2 Cal.4th at p. 1265; *Waller v. Truck Ins. Exch., Inc*., 11 Cal. 4th 1, 18 (1995).

### D. USLI PROPERLY INVESTIGATED AND EVALUATED ITS DUTY TO DEFEND

The plaintiffs' opposition takes issue with the fact that USLI made its coverage determination without, apparently, considering that the wind and dust conditions on the day of the accident were prevalent all across eastern Kern County and not limited to the Rontal Development, LP property, and that Peralta's grubbing a month earlier "did not really" cause the accident. (Opp., pp. 4:3-9 and 22:8-24). However, these complaints miss the point entirely. Of course, USLI was aware of the strong winds on the day of the accident. But whether those winds, an act of nature, as opposed to the grubbing operations, actually caused or contributed to the accident is an issue of liability in the underlying *Takas* Action, not a coverage issue relevant to the duty to defend. The only basis of liability alleged against USLI's insureds was the grubbing operations. If, in fact, the true cause of the accident was the widespread winds, then there will be no liability for the USLI insureds in the *Takas* Action. And, of course, the USLI insureds are not alleged in the *Takas* Action to be responsible or liable for acts of nature. The actual cause of the accident has no bearing on the coverage question, whether there is potential coverage for the only tort allegedly committed by the insureds – the grubbing. And, in that regard, the exclusion simply requires that the alleged liability *arise out of* operations performed by a contractor – which is not only what is alleged in the *Takas* complaint, but also admitted by the plaintiffs. The phrase "arising out of" does not mean a "substantial factor" or "predominating cause." *Continental Heller Corp. v. Amtech Mech. Svcs*., 53 Cal.App.4th 500, 505-06 (1997). To the contrary, California courts have interpreted the phrase "arising out of" very broadly, requiring only a "minimal causal connection or incidental relationship." *Acceptance Ins. Co.*

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

*v. Syufy Enterprises*, 69 Cal.App.4th 321, 328 (1999).

## III. THE POLLUTION EXCLUSION APPLIES

### A. THE POLLUTION EXCLUSION APPLIES REGARDLESS OF TYPE OF ACTIVITY

Plaintiffs concede that the airborne dust allegedly released from the Rontal property was a "pollutant" under the USLI policy. (Opp. p. 16:19-20). However, plaintiffs contend that the application of the exclusion depends on the polluting *activity* rather than the type of *materials* involved. (Opp., p. 16:20-23). The plaintiffs claim that the policy does not state what conduct constitutes pollution, but it cannot be *any and all* conduct and must be limited only to an insured's *industrial* operations. (Opp., p. 17:1-2).

To begin, the USLI policy was indeed drafted with the intent to exclude coverage for *any and all* types of conduct associated with pollution. The USLI pollution exclusion broadly provides that there is no coverage for "bodily injury or property damage that arises directly, indirectly, in concurrence with, or in any sequence out of the actual, alleged or threatened presence of or exposure to, ingestion, inhalation, absorption, contact with, discharge, dispersal, seepage, release or escape of 'pollutants,' . . . whether or not any of the foregoing are (1) sudden, accidental or gradual in nature; (2) intentional; or (3) expected or intended from the standpoint of the insured." (Connor Decl. Exh. A at USLI 00086-00087). An insurer may select the risks it will insure and those it will not, and a clear exclusion will be respected. *Smith Kandal Real Estate v. Continental Casualty Co.*, 67 Cal.App.4th 406, 414 (1998); *Legarra v. Federated Mut. Ins. Co.*, 35 Cal. App. 4th 1472, 1480 (1995). The *Legarra* court noted, "[t]he pollution exclusion at issue here is known as an 'absolute pollution exclusion.' (Lathrop, Insurance Coverage for Environmental Claims (1995) § 3.07[3], p. 3–102.10; see *Alcolac Inc. v. California Union Ins. Co.* (D.Md.1989) 716 F.Supp. 1546, 1549 ['This pollution exclusion is just what it purports to be—absolute—and the Court perceives no

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

reason why [the insurer] should be denied the benefit of its bargain with [the insured], as reflected in the insurance contract'.]). *Id*. "Courts may not rewrite the insurance contract or force a conclusion to exact liability where none was contemplated." *Blumberg v. Guarantee Ins. Co*., 192 Cal.App.3d 1286, 1296 (1987).

The reason USLI spent nine pages of its motion to discuss the pollution exclusion was to demonstrate and emphasize that the pollution exclusion in *its* policy here is far broader than the exclusion addressed in *MacKinnon v. Truck Ins. Exch*, 31 Cal.4th 635 (2003), which that court concluded applied only to "traditional" instances of environmental pollution. *Id*. at 653.

In addition, the *Tsakopoulos v. American Manufacturers Mut. Ins. Co*., 2003 WL 22595248 (E.D. Cal. 2000) case cited in Plaintiffs' opposition is unpersuasive. *Tsakopoulos* is a pre-*MacKinnon* unreported federal district court case with no precedential weight. Furthermore, the case of *Ortega Rock Quarry v. Golden Eagle Ins. Corp*., 141 Cal.App.4th 969 (2006) extensively discussed *Tsakopoulos*, concluding that it was unpersuasive and inconsistent with *MacKinnon*:

> "We do not find *Tsakopoulos* persuasive on the issue whether the definition of pollution in the total pollution exclusion was ambiguous. First, it was decided before *MacKinnon* and *Garamendi* [(2005) 127 Cal.App.4th 480] and therefore did not analyze the policies at issue in light of the principles set forth in those cases. Second, its conclusion that the definition of pollution was ambiguous is at odds with the conclusions of numerous other courts in the cases cited above that have considered the issue under facts analogous to those presently before us. We conclude that the pollution exclusion was not ambiguous, and the trial court properly ruled that it excluded coverage for Ortega's activities."

*Id*. at 990.

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

### B. THIS CASE INVOLVES TRADITIONAL ENVIRONMENTAL CONTAMINATION IN ANY EVENT

Plaintiffs resort to extreme hypotheticals to bolster their argument that the USLI pollution exclusion *just can't be* as broad as it is. They speculate, for example, that a release of water from one yard onto another, or the inadvertent spraying of dish-washing soap onto someone's eye, would be excluded from coverage under the USLI policy. (Opp., p. 17:15-19). This is an irrelevant distraction. Rather, the focus should be on determining whether the pollution exclusion applies to the specific facts of *this* case.

Despite the plaintiffs' invitation to treat Peralta's grubbing operations like "a homeowner raking leaves or mowing a lawn," (Opp., p. 18:20-23), Peralta's operations for Rontal Development, LP were very much "industrial" in nature. Rontal Development, LP is engaged in the *business* of holding multiple parcels of vacant land for investment purposes.[1] The large swaths of commercial land held by Rontal Development, LP must or may occasionally undergo cleaning or grubbing operations as part of the company's business operations. Cleaning a 15-acre parcel of land with a tractor and a water truck[2] is an "industrial" activity that is nothing like a homeowner raking leaves or mowing his backyard lawn. Significantly, given where the property is situated, it is subject to strict *environmental* rules and regulations outlined by the Eastern Kern Air Pollution Control District ("EKAPCD") to prevent air *pollution*. See EKAPCD Rule 402. By virtue of holding title to and maintaining property within the boundaries of the EKAPCD, Rontal Development LP's maintenance of the land, involving large-scale clearance operations involving the use of motorized vehicles and burning off debris, is precisely the "industrial" type of operations to which even a narrower pollution

[1] As the name suggests, it may also be involved in land development.

[2] And then hauling off or burning the collected debris

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

exclusion would "traditionally" apply.

## IV. THE PREMISES PERIMETER LIMITATION APPLIES

In yet another desperate attempt to manufacture coverage or create an ambiguity, where none exist, the plaintiffs urge the Court to treat Peralta's *intentional* grubbing operations as an "accident." (See, Opp., pp. 23:23-24:2). They then argue that, because the grubbing took place within the perimeter of the insured's property, the accident on the adjacent street allegedly caused by that grubbing is potentially covered.

The plaintiffs assert there is a "long line" of cases that support interpreting "accident" as the cause of the loss, as opposed to the actual loss. However, the opposition itself cites only two cases: *Oil Base, Inc. v. Continental Casualty Co*., 271 Cal.App.2d 378 (1969) and *Sylla v. United States Fid. & Guar. Co*., 54 Cal.App.3d 895 (1973). USLI's research on this issue failed to locate this purported "long line" of cases beyond *Oil Base* and *Sylla.* Moreover, multiple cases are actually critical of *Oil Base* and *Sylla.* For example, in *State Farm Mut. Auto. Ins. Co. v. Longden*, 197 Cal.App.3 226 (1987) ("*Longden*"), the court recognized that *Oil Base* and *Sylla* concerned "when" an accident occurred, not "where," and did not express the general rule "that the time of the occurrence of an accident within the meaning of an indemnity policy is not the time the wrongful act was committed, but the time when the complaining party was actually damaged." *Id*. at 231., citing *Remmer v. Glens Falls Indem. Co*. (1956) 140 Cal.App.2d 84, 88, 295 P.2d 19; *Tijsseling v. General Acc. Etc. Assur. Corp*. (1976) 55 Cal.App.3d 623, 626, 127 Cal.Rptr. 681.) *Longden* also notes that several cases have rejected the *Oil Base/Sylla* reasoning and, instead, have embraced the "general rule." *Id*., citing *Schrillo Co. v. Hartford Accident & Indemnity Co*. (1986) 181 Cal.App.3d 766, 772–775, 226 Cal.Rptr. 717; *Wolf Machinery Co. v. Insurance Co. of North America* (1982) 133 Cal.App.3d 324, 328, 183 Cal.Rptr. 695; *Employers Casualty Co. v. Northwestern Nat. Ins. Group* (1980) 109 Cal.App.3d 462, 468–469, 167 Cal.Rptr.

296; and *Maples v. Aetna Cas. & Surety Co*. (1978) 83 Cal.App.3d 641, 644–650, 148 Cal.Rptr. 80.) *Longden* declined to follow the "divergent path" and rejected the "contrary definition" of "accident" proffered in *Sylla* and *Oil Base*. *Id*.; *See also, Hallmark Ins. Co. v. Superior Court*, 201 Cal.App.3d 1014, 1019 (1988), referring to *Sylla* and *Oil Base* as "out of line with the prevailing rule in this state."

Thus, *Oil Base* and *Sylla* not only addressed a different question than the one involved in this case, but they are also apparently not the prevailing law in California. Under applicable California law, unless the term "accident" is otherwise defined in the policy, it is subject to the common law definition, i.e., "an unexpected, unforeseen, or undesigned happening or consequence from either a known or unknown cause." This becomes part of the policy and it is not subject to challenge as ambiguous. *Delgado v. Interinsurance Exch. of Auto. Club of Southern Calif*., 47 Cal.4th 302, 308 (2009); *Liberty Surplus Ins. Corp. v. Ledesma & Meyer Const. Co., Inc*., 5 Cal.5th 216, 221 (2018). Logically, Peralta's grubbing work, which was affirmatively requested by Agnes Itzhaki on behalf of Rontal Development, LP and intentionally performed by Peralta, was no "accident." The "occurrence" here was either the automobile accident itself or the drivers' exposure to the airborne dust, both taking place outside the insured's premises.

## V. CONCLUSION

The plaintiffs' opposition fails to raise any disputed issues of material facts. Instead, it relies on arguments that various terms in the USLI policy are undefined and, therefore, ambiguous. However, the fact that a term is undefined does not render it ambiguous. *Bay Cities Paving & Grading, Inc. v. Lawyers' Mutual Ins. Co*., 5 Cal.4th 854, 866-67 (1993); *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1264–65 (1992). Therefore, the plaintiffs' call for the Court to consider their expectations of coverage should be declined. The insured's reasonable expectation of coverage only comes into play if, in fact, a policy provision is found to be ambiguous in the first instance. Civ. Code § 1649 ("If the terms of a promise are in

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it"). And even then, more is required than the mere existence of an ambiguity: "[A]n ambiguity may be construed against an insurer only if the insured had an *objectively reasonable expectation* there would be coverage under the policy consistent with the ambiguity." *Clarendon America Ins. Co. v. North American Capacity Ins. Co*., 186 Cal.App.4th 556, 573 (2010) (emphasis in original).

Policy provisions that are ambiguous may be interpreted according to the insured's "objectively reasonable expectations," but where the policy is clear and unequivocal, the only thing the insured may "reasonably expect" is the coverage afforded by the plain language of the mutually agreed-upon terms. *Sarchett v. Blue Shield of Calif.,* 43 Cal.3d 1, 15 (1987). Also, unambiguous policy language cannot be challenged because the insured misunderstood its meaning. "Under the objective test of contract formation, a 'meeting of the minds' is unnecessary. A party is bound, even if he misunderstood the terms of a contract and actually had a different, undisclosed intention." *Atlas Assur. Co., Ltd. v. McCombs Corp*., 146 Cal.App.3d 135, 144 (1983); *General Reinsurance Corp. v. St. Jude Hosp*., 107 Cal.App.4th 1097, 1108 (2003) (uncontroverted testimony that insured's claims manager "reasonably believed" certain risks were covered did not create ambiguity allowing policy to be construed in insured's favor); *Hervey v. Mercury Cas. Co*., 185 Cal.App.4th 954, 965 (2010).

Perhaps most telling of the Plaintiffs' desperation to defeat the motion is their submission of the declaration from Charles Miller, a purported expert in insurance claims handling and law, in support of how the policy should be interpreted. But "[t]he opinion of a linguist or other expert as to the meaning of the policy is irrelevant to the court's task of interpreting the policy as read and understood by a reasonable lay person." *National Auto. & Cas. Ins. Co. v. Stewart*, 223 Cal.App.3d

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

452, 459 (1990); *Cooper Cos. v. Transcontinental Ins. Co*., 31 Cal.App.4th 1094, 1100 (1995). USLI has objected to the Miller declaration in its entirety.

USLI respectfully requests that its motion for summary judgment be granted.

DATED: March 26, 2021

BARBANEL & TREUER, P.C.
ALAN H. BARBANEL
ILYA A. KOSTEN

By: /s/ Ilya A. Kosten
ILYA A. KOSTEN
Attorneys for Defendant, UNITED STATES LIABILITY INSURANCE COMPANY

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779