ALAN H. BARBANEL (Cal Bar No. 108196)
abarbanel@btlawla.com
ILYA A. KOSTEN (Cal Bar No. 173663)
ikosten@btlawla.com
BARBANEL & TREUER, P.C.
1925 Century Park East, Suite 350
Los Angeles, California 90067
Telephone: (310) 282-8088
Facsimile: (310) 282-8779

Attorneys for Defendant, UNITED STATES LIABILITY INSURANCE COMPANY

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AGNES ITZHAKI, an individual; RONTAL DEVELOPMENT, LP, a California partnership; RONTAL DEVELOPMENT, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES LIABILITY INSURANCE COMPANY, a Pennsylvania corporation and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:20-cv-11271 AB (Ex)<br><br>**DEFENDANT UNITED STATES LIABILITY INSURANCE COMPANY'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF CHARLES MILLER SUBMITTED IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Date: April 9, 2021<br>Time: 10:00 A.M.<br>Crtrm.: 7B<br><br>[*The Hon. Andre Birotte Jr.*] |

Defendant United States Liability Insurance Company ("USLI") hereby submits the following objections to the Declaration of Charles Miller submitted in support of Plaintiffs' Opposition to USLI's Motion for Summary Judgement. The Miller Declaration is objectionable for several reasons and should be disregarded in its entirety.

# TABLE OF CONTENTS


**Page**

I. THE MILLER DECLARATION IMPROPERLY INVADES THE PROVINCE OF THE COURT BY PROVIDING OPINION AS TO A PURELY LEGAL QUESTION .......... 4

A. Interpretation of an Insurance Policy is a Legal Question for the Court. .......... 4

B. An Expert's Summary Conclusions as to the Ultimate Legal Issues do not Create a Triable Issue of Fact and are Insufficient to Defeat Summary Judgment. .......... 6

II. THE MILLER DECLARATION IS IRRELEVANT AND SHOULD BE DISREGARDED .......... 6

A. Plaintiffs' Citation to the Miller Declaration in Response to Undisputed Material Fact Nos. 24, 25, 27 and 29 is Inapposite. .......... 6

B. Plaintiffs' Citation to the Miller Declaration in Response to Undisputed Material Fact No. 30 Does Not Create a Triable Issue of Material Fact as the Declaration is Irrelevant thereto and Lacks Foundation. .......... 7

III. THE VAST MAJORITY OF THE MILLER DECLARATION IS INADMISSIBLE UNDER THE FEDERAL RULES OF EVIDENCE .......... 8

A. Miller is Insufficiently Qualified to Render an Expert Opinion as to the Interpretation and Application of the Policy Provisions at Issue Herein. .......... 9

B. The Miller Declaration is Conclusory and Lacks Foundation. .......... 10

C. The Miller Declaration is Uncertain and Speculative. .......... 11

IV. SPECIFIC OBJECTIONS TO DECLARATION OF CHARLES MILLER .......... 12

A. Miller Declaration, ¶4 .......... 12

B. Miller Declaration, ¶48 .......... 14

C. Miller Declaration, ¶68 .......... 15

D. Miller Declaration, ¶69 .......... 17

E. Miller Declaration, ¶74 .......... 19


Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Aguilar v. Int'l Longshoremen's Union Local No. 10*,
966 F.2d 443 (9th Cir. 1992) .......... passim

*Berry v. City of Detroit*,
25 F.3d 1342 (6th Cir.1994) .......... 8

*Beyene v. Coleman Sec. Services, Inc.*,
854 F.2d 1179 (9th Cir. 1988) .......... 8

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
43 F.3d 1311 (9th Cir. 1995) .......... 12

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993) .......... 9

*DeFrenza v. Progressive Express Ins. Co.*,
345 F. Supp. 3d 1243 (E.D. Cal. 2017) .......... 4

*Desai v. Farmers Ins. Exch.*,
47 Cal.App.4th 1110 (1996) .......... 11

*Early v. Champion Int'l. Corp.*,
907 F.2d 1077(11th Cir.1990) .......... passim

*Emp'rs Reinsurance Corp. v. Mid–Continent Cas. Co.*,
202 F. Supp. 2d 1212 (D. Kan. 2002) .......... 5

*Gen. Elec. Co. v. Joiner*,
522 U.S. 136 (1997) .......... passim

*GGIS Ins. Services, Inc. v. Sup.Ct.*,
168 Cal.App.4th 1493 (2008) .......... 4

*Hangarter v. Provident Life & Accident Ins. Co.*,
373 F.3d 998 (9th Cir. 2004) .......... 4

*Haynes v. Farmers Ins. Exch.*,
32 Cal.4th 1198 (2004) .......... 4

*Hughes v. United States*,
953 F.2d 531 (9th Cir. 1992) .......... 8

*In re Segerstrom*,
247 F.3d 218 (5th Cir. 2001) .......... 6

*M & M Med. Supplies & Service, Inc. v. Pleasant Valley Hosp., Inc.*,
981 F.2d 160 (4th Cir. 1993) .......... 6

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

*Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290 (2nd Cir. 2008) .......... 6

*Marx v. Diners Club, Inc.*, 550 F.2d 505 (2d Cir. 1977) .......... 4, 16, 18, 20

*McHugh v. USAA*, 164 F.3d 451 (9th Cir. 1999) .......... 4

*National Auto. & Cas. Ins. Co. v. Stewart*, 223 Cal.App.3d 452 (1990) .......... 11

*Sitrick v. Dreamworks, LLC*, 516 F.3d 993 (Fed. Cir. 2008) .......... 6

*Travelers Cas. & Sur. Co. of Am. v. Telstar Const. Co., Inc.*, 252 F.Supp.2d 917 (D. Ariz. 2003) .......... 8

*U.S. v. Hermanek*, 289 F.3d 1076 (9th Cir. 2002) .......... 13, 14, 18, 20

*U.S. v. Vera*, 770 F.3d 1232 (9th Cir. 2014). .......... passim

**STATUTES**

Fed.R.Evid. 101, 1101 .......... 8

Fed.R.Evid. 401, 402 .......... passim

Fed.R.Evid. 403 .......... 13, 16, 18, 20

Fed.R.Evid. 702 .......... passim

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

# I. <u>THE MILLER DECLARATION IMPROPERLY INVADES THE PROVINCE OF THE COURT BY PROVIDING OPINION AS TO A PURELY LEGAL QUESTION</u>

## A. <u>INTERPRETATION OF AN INSURANCE POLICY IS A LEGAL QUESTION FOR THE COURT</u>.

As set forth in USLI's moving papers, the interpretation of the Independent Contractors/Subcontractors Exclusion, the Absolute Exclusion for Pollution and Premises Limitation Endorsement is purely legal in nature. As stated in *McHugh v. USAA*, 164 F.3d 451, 454 (9th Cir. 1999), an expert's opinion on the interpretation of insurance policy is an inadmissible legal conclusion. *See also GGIS Ins. Services, Inc. v. Sup.Ct.,* 168 Cal.App.4th 1493, 1507 (2008) ("[t]he interpretation of a contract, including the resolution of any ambiguity, is solely a judicial function, unless the interpretation turns on the credibility of extrinsic evidence"); *Haynes v. Farmers Ins. Exch*., 32 Cal.4th 1198, 1204 (2004) (where facts are undisputed, policy interpretation is question of law).

It is well-established that "an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co*., 373 F.3d 998, 1016 (9th Cir. 2004); *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) ("[E]xpert testimony consisting of legal conclusions [is] not admissible." (citing *Marx v. Diners Club, Inc*., 550 F.2d 505, 509 (2d Cir. 1977)).

In *DeFrenza v. Progressive Express Ins. Co*., 345 F. Supp. 3d 1243, 1251 (E.D. Cal. 2017), the plaintiff submitted the declaration of Dan Jacobson, former head of the California Insurance Guarantee Association, in support of plaintiff's opposition to defendant's motion for summary judgment. The Jacobson Declaration set forth the declarant's opinions that Progressive "failed in attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim in which liability is reasonably clear," that Progressive "failed to provide a prompt and reasonable

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

explanation for the basis it relied upon in relation to the facts or applicable law, for the delay in offer to Plaintiffs claims or for the offer of a compromise settlement," and that Progressive "failed in its duty to diligently search for evidence which supports its insured's claim." The *DeFrenza* Court rejected these opinions on the ground they recite legal conclusions and thus are not the "appropriate subject of expert witness opinions." *Id*. at 1252.

Similarly, in Paragraph 4 of the Miller Declaration containing his "Summary of Opinions," Miller states his conclusion that "Based on my review of the available documents and applying recognized insurance industry claims-handling and insurance policy interpretation standards, it is my opinion that USLI improperly denied its duty to defend and indemnify Itzhaki in the Takas Action." (Miller Decl., p. 2:18-22) Miller further opines that the Absolute Pollution Exclusion and the Independent Contractors/Subcontractors Exclusion do not apply to the facts of this case. (Miller Decl., p. 2:3-10) Miller also concludes that the Premises Limitation Endorsement does not apply because it "does not exclude coverage for death or bodily injury, which occurs off of Ithaki's [sic] premises, where the cause of the death or injury occurs on the property, such as in this matter." (Miller Decl., p. 2:10-14) Lastly, Miller concludes that "USLI failed to timely advise its insured of this Policy defense, in accordance with insurance industry standards." (Miller Decl., p. 2:14-15)

These conclusory statements are simply Miller's opinions as to the interpretation and application of the USLI Policy language. Each of these alleged "findings," and the purported "analysis" set forth in the remainder of the Declaration, is directed to supplant the Court's legal analysis herein. It is the sole purview of the Court to interpret the insurance policy at issue herein, including the application and interpretation of the relevant policy exclusions, limitations and coverages. *See Emp'rs Reinsurance Corp. v. Mid–Continent Cas. Co*., 202 F. Supp. 2d 1212, 1219 (D. Kan. 2002) (excluding an expert's testimony where the expert opined that an insurer had breached its duty of good faith and fair dealing because such an opinion "constitutes

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

an impermissible attempt to apply the law to the facts of the case to form a legal conclusion")).

### B. <u>**AN EXPERT'S SUMMARY CONCLUSIONS AS TO THE ULTIMATE LEGAL ISSUES DO NOT CREATE A TRIABLE ISSUE OF FACT AND ARE INSUFFICIENT TO DEFEAT SUMMARY JUDGMENT**</u>.

It is well-established that expert declarations that contain nothing but conclusory allegations on the ultimate legal issue are not sufficient to defeat summary judgment. *Sitrick v. Dreamworks, LLC*, 516 F.3d 993, 1001 (Fed. Cir. 2008); *see M & M Med. Supplies & Service, Inc. v. Pleasant Valley Hosp., Inc.*, 981 F.2d 160, 164 (4th Cir. 1993); *In re Segerstrom*, 247 F.3d 218, 227 (5th Cir. 2001); *Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2nd Cir. 2008). As such, an expert's conclusory opinions regarding the reasonableness of an insurer's conduct are insufficient to establish a triable issue of fact on that question. Where the facts, such as "who did what and when," are undisputed, the reasonableness of an insurer's conduct is a question of law for the court to decide.

Miller's Declaration and the legal conclusions set forth therein should be disregarded by the Court. Miller's opinions do not support a finding that a material dispute of fact exists. Conclusory expert testimony that an insurer had a duty to defend or indemnify or acted in bad faith is to be excluded on the ground that the opinion is nothing more than a legal conclusion.

## II. <u>**THE MILLER DECLARATION IS IRRELEVANT AND SHOULD BE DISREGARDED**</u>

### A. <u>**PLAINTIFFS' CITATION TO THE MILLER DECLARATION IN RESPONSE TO UNDISPUTED MATERIAL FACT NOS. 24, 25, 27 AND 29 IS INAPPOSITE**</u>.

Interestingly, Plaintiffs cite to the Miller Declaration as support for only five (5) of their responses to USLI's Separate Statement. Of these five facts, four of them recite the language of the USLI Policy and are not actually in dispute. Fact no. 24

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

sets forth the text of the Independent Contractors/Subcontractors Exclusion. Fact no. 25 sets out the Policy's Absolute Exclusion for Pollution provision. Fact no. 27 sets forth the primary language of the Premises Limitation Endorsement in the Policy. Fact no. 29 recites the definition of "occurrence" under the Policy. Plaintiffs' responses to these quotations of the Policy language are either "undisputed," "undisputed, but misleading and irrelevant" because the provision purportedly does not apply, or "disputed" because "the policy contains the quoted language." (See Plaintiffs' Separate Statement of Additional Undisputed Material Facts, pp. 13:16-22:18) As such, there is no actual dispute as to these paragraphs. Plaintiffs' reference to the Miller Declaration in support of these responses is completely misplaced. The Miller Declaration is clearly irrelevant to, and cannot have any bearing on, the Policy language and thus should be disregarded. Fed.R.Evid. 401, 402.

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

### B. PLAINTIFFS' CITATION TO THE MILLER DECLARATION IN RESPONSE TO UNDISPUTED MATERIAL FACT NO. 30 DOES NOT CREATE A TRIABLE ISSUE OF MATERIAL FACT AS THE DECLARATION IS IRRELEVANT THERETO AND LACKS FOUNDATION.

In response to Fact no. 30, Plaintiffs cite to the Miller Declaration in support of their argument that "[t]he event that constitutes an 'occurrence' under the policy is the alleged cause of the automobile collision, which is the grubbing of the property by Peralta." Again, this is a legal conclusion entirely outside the scope of expert testimony. Such an opinion as to the cause of the accident is also outside the scope of Miller's experience as he has not established any qualifications as an accident reconstructionist or forensic engineer. Miller has no basis for expounding on the alleged cause of the accident. Miller's asserted opinion on the matter does not make it so.

Federal Rule of Evidence 702 allows expert testimony to be offered if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. Legal conclusions are not helpful to the trier of fact and experts

may not instruct the trier of fact on the law. *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir.1994). As set forth above, the interpretation of the relevant Policy language is solely within the purview of this Court, and not a matter of expert opinion. Furthermore, Miller is not qualified under Fed.R.Evid. 702 as having the requisite "knowledge, skill, experience, training, or education" to determine the cause of the underlying accident and whether that purported cause constitutes an "occurrence" under the USLI Policy.

Because the Miller Declaration is not relevant to any factual issue in dispute, it should be disregarded in its entirety.

## III. THE VAST MAJORITY OF THE MILLER DECLARATION IS INADMISSIBLE UNDER THE FEDERAL RULES OF EVIDENCE

Evidence submitted to the Court in support of motions for summary judgment must meet all requirements for admissibility of evidence, as if such evidence were offered at the time of trial. *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1181-82 (9th Cir. 1988); *Travelers Cas. & Sur. Co. of Am. v. Telstar Const. Co., Inc.*, 252 F.Supp.2d 917, 923 (D. Ariz. 2003). See also Fed.R.Evid. 101, 1101. Affidavits and declarations in connection with a motion for summary judgment are only admissible if the affiant or declarant would be permitted to testify as to the content of the affidavit at trial. *See Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992). Such evidence must be relevant to the claims and defenses of the case. Fed.R.Evid. 401, 402, 403. Testimony requiring scientific, technical, or other specialized knowledge may be given only by an expert witness with the requisite knowledge, skill, experience, training or education. Fed.R.Evid. 702. However, an "expert exceeds bounds of permissible expert testimony when he is used as little more than conduit or transmitter for testimonial hearsay, rather than as true expert whose considered opinion sheds light on some specialized factual situation." *U.S. v. Vera*, 770 F.3d 1232 (9th Cir. 2014).

The Miller Declaration fails to meet these criteria as set forth below and should

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

be disregarded as support for Plaintiffs' Opposition to USLI's Motion for Summary Judgment and Plaintiffs' Statement of Additional Material Facts.

### A. MILLER IS INSUFFICIENTLY QUALIFIED TO RENDER AN EXPERT OPINION AS TO THE INTERPRETATION AND APPLICATION OF THE POLICY PROVISIONS AT ISSUE HEREIN.

As discussed above, Miller's opinion that USLI breached the duty to defend is a legal conclusion to be disregarded by the Court. To the extent the Miller Declaration is to be considered, Miller sets forth his experience with respect to insurance claims handling at paragraphs 5-9. In paragraph 14, Miller states: "In arriving at my opinions in this case, I have applied the standards for insurance claims handling." (Miller Decl., p. 8:1-2) However, with respect to Miller's qualifications to render an opinion as to the underwriting processes pertaining to the pollution exclusion (¶¶15-63), the premises limitation endorsement (¶¶65-69) and independent contractor/subcontractor exclusion (¶¶70-75) at issue herein, the Miller Declaration is devoid of any such qualifications. Miller has not established any expertise or experience in the underwriting of any policies, let alone the intent and purposes relating to the limitations on coverage at issue herein. To the extent that Miller compiled historical information and summarized the portions he believed to be relevant, that does not render him an expert in the field. *U.S. v. Vera*, 770 F.3d 1232 (9th Cir. 2014) (an "expert exceeds bounds of permissible expert testimony when he is used as little more than conduit or transmitter for testimonial hearsay, rather than as true expert whose considered opinion sheds light on some specialized factual situation").

Miller's Declaration does not support the conclusion that Miller is qualified to render an expert opinion as to contracting parties' intent or the meaning or application of the policy language at issue herein. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993) (burden of proving the admissibility of expert testimony is on the party proffering such testimony).

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

### B. THE MILLER DECLARATION IS CONCLUSORY AND LACKS FOUNDATION.

The Miller Declaration, at seventy-six (76) paragraphs over forty-seven (47) pages, is rife with conclusory statements which lack foundation and/or are speculative.

For instance, in paragraph 16, Miller asserts that his opinions are based, at least in part, "on the insurance industry's representations regarding the scope of the pollution exclusions discussed herein." He states: "In several statements, the insurance industry took the position that the exclusions apply only to traditional environmental pollution. Some of these statements were made to state insurance regulators." (Miller Decl., p. 8:12-16)

In Paragraph 25, Miller states: "On the two days of October 30–31, 1985, the Texas Department of Insurance held a hearing regarding proposed changes to the CGL. During the hearing, some witnesses addressed the Broad Form Pollution Exclusion. David H. Thornberry, a member of the Texas State Board of Insurance, questioned Wade Harrell, Liberty Mutual's representative at the hearing, regarding the scope of the Broad Form Pollution Exclusion. . . ." (Miller Decl., p. 15:13-18) Numerous other paragraphs such as paragraphs 27, 29-32 and 37 set forth multiple layers of hearsay.

The Miller Declaration provides conclusory opinions based on claimed historical background information. In paragraph 28, Miller opined "Clearly, the Broad Form and Modified Broad Form Pollution Exclusions were written solely to benefit the insurance industry at the cost of coverage to the policyholder." (Miller Decl., p. 17:14-16)

The Miller Declaration also veers into absurdity – Miller contends that the definition of "contractor" is not defined under the Policy and, because it contains the base word "contract," must refer to one "who enters into a formal contract to perform some work or service" which "certainly would correspond to an insured's

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

understanding of the term, which would mean someone who formally contracts for some form of work," with the alleged result that "part-time or occasional individuals who agree to perform certain work but without a formal contract" are not "contractors" under the policy. (Miller Decl., ¶73) This is an untenable conclusion. Such statements, including those related to what constitutes the "reasonable expectations of the insured" are not rooted in any verifiable methodology or data. *Desai v. Farmers Ins. Exch*. (1996) 47 Cal.App.4th 1110, 1116–17 ("Words used in an insurance policy are to be interpreted according to the plain meaning which a layman would ordinarily attach to them"). In addition, such conclusions invade the province of the Court and thus are not proper topics for expert testimony. *National Auto. & Cas. Ins. Co. v. Stewart* (1990) 223 Cal.App.3d 452, 459 ("[t]he opinion of a linguist or other expert as to the meaning of the policy is irrelevant to the court's task of interpreting the policy as read and understood by a reasonable lay person").

The Miller Declaration is based on speculation and shows a complete lack of foundation. Further, none of the claims handling or underwriting documents upon which his affidavit is based were attached to and made a part of his declaration. Fed. R. Evid. 702, 703; *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146-47 (1997) (holding courts have discretion to decide that materials relied upon by experts are insufficient to support an expert's conclusions). In addition, to the extent the Declaration of Charles Miller was submitted in order to circumvent the page limitations applicable to oppositions to motions for summary judgment, the Miller Declaration should be stricken on that additional ground as well.

**C. THE MILLER DECLARATION IS UNCERTAIN AND SPECULATIVE.**

Further, the Miller Declaration by its own terms delves into uncertainty and is therefore speculative. For instance, in Paragraph 26 relating to the purported origins of the Broad Form Pollution Exclusion, Miller uses the word "apparently" no less than three times in that paragraph alone. (Miller Decl., p. 16:21-17:8; see also ¶28) In Paragraphs 41 and 42, Miller discusses a "likely source" and a "likely" result of a

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

certain interpretation. An expert's lack of certainty may lead to exclusion of evidence on the basis that the testimony is unreliable or unhelpful. *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 43 F.3d 1311, 1321-22 (9th Cir. 1995).

The Court's decision in this matter should not be based on what the insurance industry "apparently" intended or "apparently" expected or what was "likely" with respect to the drafting of some predecessor versions of the pollution exclusion.

## IV. SPECIFIC OBJECTIONS TO DECLARATION OF CHARLES MILLER

As discussed above, the Miller Declaration is cited in support of only five of Plaintiffs' responses to USLI's Separate Statement, mainly related to the USLI Policy language. Further, in those five responses, Plaintiffs refer to only five (5) of the 76 paragraphs comprising the Miller Declaration. For the convenience of the Court, USLI will address those five paragraphs and USLI's evidentiary objections thereto in detail below.

### A. MILLER DECLARATION, ¶4

Paragraph 4 of the Miller Declaration provides:

> "Based on my review of the available documents and applying recognized insurance industry claims-handling and insurance policy interpretation standards, it is my opinion that USLI improperly denied its duty to defend and indemnify Itzhaki in the Takas Action. USLI's denial was based on the Absolute Exclusion for Pollution, Organic Pathogen, Silica, Asbestos, and Lead With a Hostile Fire Exception ("Absolute Pollution. Exclusion"), the Independent Contractors/ Subcontractors Exclusion, and the Premises Limitation Endorsement in the Policy. (See August 5, 2019, letter from Cheryl Hazard, USLI Claims Hazard, to Rontal Development, LP.) It was contrary to insurance industry standards to apply the Absolute Pollution Exclusion to Itzhaki's claim because that exclusion applies only to industrial environmental pollution, which did not take place here. Likewise, it was improper for USLI to apply the Independent Contractors/ Subcontractors Exclusion, because at the least, that exclusion is ambiguous, and further, by application of well-recognized insurance industry standards for the interpretation of insurance policies, the

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

exclusion does not apply to the facts of this case. Finally, the Premises Limitation Endorsement does not apply by its own terms because it does not exclude coverage for death or bodily injury, which occurs off of Ithaki's premises, where the cause of the death or injury occurs on the property, such as in this matter. In addition, USLI failed to timely advise its insured of this Policy defense, in accordance with insurance industry standards."

*USLI's Evidentiary Objections:*

Improper testimony of an expert witness as to a legal question. Fed.R.Evid. 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) ("[E]xpert testimony consisting of legal conclusions [is] not admissible." (citing *Marx v. Diners Club, Inc*., 550 F.2d 505, 509 (2d Cir. 1977)).

Fed.R.Evid. 401, 402: Irrelevant.

Fed.R.Evid. 403: Unfair prejudice, confusing the issues, misleading, undue delay, wasting time, or needless presentation.

Fed.R.Evid. 702: Unhelpful to the trier of fact.

Fed. R. Evid. 702: Speculative expert testimony. *U.S. v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002) ("The trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted. The ... expert must explain how the conclusion is so grounded." (quoting Fed. R. Evid. 702, comm. note)). Conclusions in expert reports must be based on scientific methods and procedures rather than subjective belief and unsupported speculation. *Daubert*, 509 U.S. at 590.

Fed. R. Evid. 702: Witness not qualified as expert. If a witness lacks "special" knowledge, skill, or experience on the particular subject for which he has been called to express an opinion, an objection to his testimony as an expert lies.

Federal Rule of Civil Procedure 56(e) requires that: "Supporting and opposing affidavits shall . . . shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Daubert*, 43 F.3d at 1321-22; *see e.g., Early v. Champion Int'l.*

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

*Corp*., 907 F.2d 1077, 1081(11th Cir.1990) (finding that conclusory, self-serving, or uncorroborated allegations in an affidavit could not create issues of fact sufficient to defeat well-supported summary judgment).

**B. <u>MILLER DECLARATION, ¶48</u>**

Paragraph 48 of the Miller Declaration provides:

> "The USLI Absolute Exclusion is an amalgamation of prior pollution exclusions, including the Broad Form and Modified Broad Form pollution exclusions. USLI has also added additional provisions and expanded the definition of pollutants. Nonetheless, it is apparent that the USLI Absolute Exclusion is likewise limited to industrial pollution and not the type of events involved in this case. Indeed, as with the Broad Form and Modified Broad Form Pollution Exclusions, the USLI Absolute Exclusion is anything but absolute."

*USLI's Evidentiary Objections:*

Improper testimony of an expert witness as to a legal question. Fed.R.Evid. 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) ("[E]xpert testimony consisting of legal conclusions [is] not admissible." (citing *Marx v. Diners Club, Inc*., 550 F.2d 505, 509 (2d Cir. 1977)).

Fed.R.Evid. 402: Irrelevant.

Fed.R.Evid. 403: Unfair prejudice, confusing the issues, misleading, undue delay, wasting time, or needless presentation.

Fed.R.Evid. 702: Unhelpful to the trier of fact.

Fed. R. Evid 403: Unduly prejudicial.

Fed. R. Evid. 702: Speculative expert testimony. *U.S. v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002) ("The trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted. The ... expert must explain how the conclusion is so grounded." (quoting Fed. R. Evid. 702, comm. note)). Conclusions in expert reports must be based on scientific methods and procedures rather than subjective belief and unsupported speculation. *Daubert*, 509 U.S. at 590.

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

Fed. R. Evid. 702, 703: Improper expert methodology. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146-47 (1997)(holding courts have discretion to decide that materials relied upon by experts are insufficient to support an expert's conclusions). An "expert exceeds bounds of permissible expert testimony when he is used as little more than conduit or transmitter for testimonial hearsay, rather than as true expert whose considered opinion sheds light on some specialized factual situation." *U.S. v. Vera*, 770 F.3d 1232(9thCir. 2014).

Fed. R. Evid. 702: Witness not qualified as expert. If a witness lacks "special" knowledge, skill, or experience on the particular subject for which he has been called to express an opinion, an objection to his testimony as an expert lies.

Federal Rule of Civil Procedure 56(e) requires that: "Supporting and opposing affidavits shall . . . shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Daubert*, 43 F.3d at 1321-22; *see e.g., Early v. Champion Int'l. Corp*., 907 F.2d 1077, 1081(11th Cir.1990) (finding that conclusory, self-serving, or uncorroborated allegations in an affidavit could not create issues of fact sufficient to defeat well-supported summary judgment).

**C. <u>MILLER DECLARATION, ¶68</u>**

Paragraph 68 of the Miller Declaration provides:

> "Further, the Premises Limitation Endorsement, by its own terms, and pursuant to insurance industry standards, does not apply to this claim. The provision limits coverage to occurrences that take "place on or within the perimeter of the premises." An occurrence is defined in the Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The Policy does not contain a definition of "accident." Pursuant to insurance industry standards, and where a term is not defined in the policy, phrases and words in an insurance policy are "to be given their plain, ordinary meaning." (Olson, Robin K. & Scisiowski, Richard, J, Fundamentals of Insurance Law, (IRMI, June 2010), Chp. 7, "Rules of Policy Construction," p. 5.) Accordingly, it is presumed that the "parties [to the contract] meant to use the common, ordinary dictionary

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

definition of the words they employ in their written contracts." (Id.). IRMI, a leading insurance industry resource, has pointed out that, "[a]n accident is "anything that occurs unexpectedly or unintentionally" (American Heritage Dictionary); "an unforeseen and unplanned event or circumstance; an unfortunate event resulting especially from carelessness or ignorance" (Merriam Webster's Collegiate Dictionary, 10th ed.); "an event which proceeds from an unknown cause, or is an unusual effect of a known cause, and therefore not expected" (Webster's New Universal Unabridged Dictionary, 2nd ed.). In other words, the focus is on the event or cause, and not the result. Here, the event as alleged in the complaint is the negligent grubbing which led to the release of the sand, dust, and dirt on the property. This allegedly resulted in the automobile accident, which in turn resulted in a death and serious bodily injuries. The Premises Limitation Endorsement provides only that the accident or event take place on the designated property, which it allegedly did, and it does not require that the death and bodily injury also take place on the property."

*USLI's Evidentiary Objections:*

Improper testimony of an expert witness as to a legal question. Fed.R.Evid. 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) ("[E]xpert testimony consisting of legal conclusions [is] not admissible." (citing *Marx v. Diners Club, Inc*., 550 F.2d 505, 509 (2d Cir. 1977)).

Fed.R.Evid. 401, 402: Irrelevant.

Fed.R.Evid. 403: Unfair prejudice, confusing the issues, misleading, undue delay, wasting time, or needless presentation.

Fed.R.Evid. 702: Unhelpful to the trier of fact.

Fed. R. Evid. 403: Unduly prejudicial.

Fed. R. Evid. 702: Speculative expert testimony. *U.S. v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002) ("The trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted. The ... expert must explain how the conclusion is so grounded." (quoting Fed. R. Evid. 702, comm. note)). Conclusions in expert reports

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

must be based on scientific methods and procedures rather than subjective belief and unsupported speculation. *Daubert*, 509 U.S. at 590.

Fed. R. Evid. 702: Lack of Foundation as to legal conclusion and as to the alleged cause of the incident at issue.

Fed. R. Evid. 702, 703: Improper expert methodology. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146-47 (1997)(holding courts have discretion to decide that materials relied upon by experts are insufficient to support an expert's conclusions). An "expert exceeds bounds of permissible expert testimony when he is used as little more than conduit or transmitter for testimonial hearsay, rather than as true expert whose considered opinion sheds light on some specialized factual situation." *U.S. v. Vera*, 770 F.3d 1232(9thCir. 2014).

Fed. R. Evid. 702: Witness not qualified as expert. If a witness lacks "special" knowledge, skill, or experience on the particular subject for which he has been called to express an opinion, an objection to his testimony as an expert lies.

Federal Rule of Civil Procedure 56(e) requires that: "Supporting and opposing affidavits shall . . . shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Daubert*, 43 F.3d at 1321-22; *see e.g., Early v. Champion Int'l. Corp*., 907 F.2d 1077, 1081(11th Cir.1990) (finding that conclusory, self-serving, or uncorroborated allegations in an affidavit could not create issues of fact sufficient to defeat well-supported summary judgment).

**D. <u>MILLER DECLARATION, ¶69</u>**

Paragraph 69 of the Miller Declaration provides:

> "This is particularly significant because ISO General Liability Policies have contained the following definition of occurrence:"... an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured." This definition provides that the occurrence includes both the accident or event, as well as the resulting "bodily injury." Accordingly, if this

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

definition had been place in the Policy, it would arguably require that both the event and resulting injury take place on the described property for coverage to apply. This alternative definition has been in use for years before the Policy was issued, and, therefore, was known or should have been known, to USLI. Nonetheless, USLI chose not to use the alternative definition, and provide a definition of occurrence which requires only that the event take place on the designated property, which it did. USLI never excluded coverage where the event took place on the designated property but the bodily injury occurred off the property, which is the case here."

*USLI's Evidentiary Objections:*

Improper testimony of an expert witness as to a legal question. Fed.R.Evid. 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) ("[E]xpert testimony consisting of legal conclusions [is] not admissible." (citing *Marx v. Diners Club, Inc*., 550 F.2d 505, 509 (2d Cir. 1977)).

Fed.R.Evid. 401, 402: Irrelevant.

Fed.R.Evid. 403: Unfair prejudice, confusing the issues, misleading, undue delay, wasting time, or needless presentation.

Fed.R.Evid. 702: Unhelpful to the trier of fact.

Fed. R. Evid. 403: Unduly prejudicial.

Fed. R. Evid. 702: Speculative expert testimony. *U.S. v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002) ("The trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted. The ... expert must explain how the conclusion is so grounded." (quoting Fed. R. Evid. 702, comm. note)). Conclusions in expert reports must be based on scientific methods and procedures rather than subjective belief and unsupported speculation. *Daubert*, 509 U.S. at 590.

Fed. R. Evid. 702: Lack of Foundation as to legal conclusion and as to the alleged cause of the incident at issue.

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

Fed. R. Evid. 702, 703: Improper expert methodology. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146-47 (1997)(holding courts have discretion to decide that materials relied upon by experts are insufficient to support an expert's conclusions). An "expert exceeds bounds of permissible expert testimony when he is used as little more than conduit or transmitter for testimonial hearsay, rather than as true expert whose considered opinion sheds light on some specialized factual situation." *U.S. v. Vera*, 770 F.3d 1232 (9th Cir. 2014).

Fed. R. Evid. 702: Witness not qualified as expert. If a witness lacks "special" knowledge, skill, or experience on the particular subject for which he has been called to express an opinion, an objection to his testimony as an expert lies.

Federal Rule of Civil Procedure 56(e) requires that: "Supporting and opposing affidavits shall . . . shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Daubert*, 43 F.3d at 1321-22; *see e.g., Early v. Champion Int'l. Corp.*, 907 F.2d 1077, 1081(11th Cir.1990) (finding that conclusory, self-serving, or uncorroborated allegations in an affidavit could not create issues of fact sufficient to defeat well-supported summary judgment).

**E. <u>MILLER DECLARATION, ¶74</u>**

Paragraph 74 of the Miller Declaration provides:

> "At the least, there is some ambiguity as to the extent of the contractor exclusion. Does it apply to anyone who agrees to perform any kind of work or only to contractors who enter into a "legally enforceable" agreement? Based on the available evidence, that is not the case here. Peralta appears to fit the definition of an occasional worker who works without any formal written contract. Accordingly, there is a substantial question as to whether the Independent Contractors/ Subcontractors Exclusion applies to Ithaki's claims for coverage. Accordingly, USLI should have investigated this issue further and there is no evidence that it did so. Absent such investigation, the insured must be given the benefit of doubt of the coverage. Pursuant to insurance industry standards, "[i]f there is any reasonable doubt as the applicability of exclusion, the insured is

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

entitled to the benefit of the doubt." (FC&S, "That Particular Part," June 2004.)"

*USLI's Evidentiary Objections:*

Improper testimony of an expert witness as to a legal question. Fed.R.Evid. 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) ("[E]xpert testimony consisting of legal conclusions [is] not admissible." (citing *Marx v. Diners Club, Inc.*, 550 F.2d 505, 509 (2d Cir. 1977)).

Fed.R.Evid. 401, 402: Irrelevant.

Fed.R.Evid. 403: Unfair prejudice, confusing the issues, misleading, undue delay, wasting time, or needless presentation.

Fed.R.Evid. 702: Unhelpful to the trier of fact.

Fed. R. Evid. 403: Unduly prejudicial.

Fed. R. Evid. 702: Speculative expert testimony. *U.S. v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002) ("The trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted. The ... expert must explain how the conclusion is so grounded." (quoting Fed. R. Evid. 702, comm. note)). Conclusions in expert reports must be based on scientific methods and procedures rather than subjective belief and unsupported speculation. *Daubert*, 509 U.S. at 590.

Fed. R. Evid. 702: Lack of Foundation as to legal conclusion and as to the alleged cause of the incident at issue.

Fed. R. Evid. 702: Hearsay. Declarant offers an out of court document to prove the truth of the matters asserted in his declaration.

Fed. R. Evid. 702, 703: Improper expert methodology. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146-47 (1997)(holding courts have discretion to decide that materials relied upon by experts are insufficient to support an expert's conclusions). An "expert exceeds bounds of permissible expert testimony when he is used as little more than conduit or transmitter for testimonial hearsay, rather than as true expert

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779

whose considered opinion sheds light on some specialized factual situation." *U.S. v. Vera*, 770 F.3d 1232(9thCir. 2014).

Fed. R. Evid. 702: Witness not qualified as expert. If a witness lacks "special" knowledge, skill, or experience on the particular subject for which he has been called to express an opinion, an objection to his testimony as an expert lies.

Federal Rule of Civil Procedure 56(e) requires that: "Supporting and opposing affidavits shall . . . set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Daubert*, 43 F.3d at 1321-22; *see e.g., Early v. Champion Int'l. Corp*., 907 F.2d 1077, 1081(11th Cir.1990) (finding that conclusory, self-serving, or uncorroborated allegations in an affidavit could not create issues of fact sufficient to defeat well-supported summary judgment).

## V. CONCLUSION

The Court should disregard the Declaration of Charles Miller in its entirety on the ground it is based on hearsay and speculation. The Miller Declaration lacks foundation and sets forth legal conclusions which are solely within the province of the Court to decide. Declarant lacks the requisite qualifications as to the subject matter set forth in the Declaration. Lastly, the Court should disregard the Miller Declaration on the grounds it is entirely irrelevant as Plaintiffs rely thereon to object to language in the USLI Policy for which there is no actual dispute.

DATED: March 26, 2021

BARBANEL & TREUER, P.C.
ALAN H. BARBANEL
ILYA A. KOSTEN

By: /s/ Ilya A. Kosten
ILYA A. KOSTEN
Attorneys for Defendant, UNITED STATES LIABILITY INSURANCE COMPANY

Barbanel & Treuer, P.C.
Attorneys at Law
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel (310) 282-8088 • Fax (310) 282-8779