UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

HONORABLE ANDRÉ BIROTTE JR., U.S. DISTRICT JUDGE

AGNES ITZHAKI, AN INDIVIDUAL; RONTAL DEVELOPMENT, LP, A CALIFORNIA PARTNERSHIP; RONTAL DEVELOPMENT, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,

PLAINTIFFS,

vs.

No. CV 20-11271-AB

UNITED STATES LIABILITY INSURANCE COMPANY, A PENNSYLVANIA CORPORATION, AND DOES 1 THROUGH 100, INCLUSIVE,

DEFENDANTS.

REPORTER'S TRANSCRIPT OF PROCEEDINGS

FRIDAY, APRIL 9, 2021

10:22 A.M.

LOS ANGELES, CALIFORNIA

**CHIA MEI JUI, CSR 3287, CCRR, FCRR**
FEDERAL OFFICIAL COURT REPORTER
350 WEST FIRST STREET, ROOM 4311
LOS ANGELES, CALIFORNIA 90012
cmjui.csr@gmail.com

APPEARANCES OF COUNSEL:

FOR THE PLAINTIFFS:

LAW OFFICES OF NEIL R. ANAPOL
BY: NEIL R. ANAPOL, ATTORNEY AT LAW
2550 HOLLYWOOD WAY
SUITE 202
BURBANK, CALIFORNIA 91505
(818) 566-7355

FOR THE DEFENDANT:

BARBANEL & TREUER, P.C.
BY: ILYA A. KOSTEN, ATTORNEY AT LAW
1925 CENTURY PARK EAST
SUITE 350
LOS ANGELES, CALIFORNIA 90067
(310) 282-8088

LOS ANGELES, CALIFORNIA; FRIDAY, APRIL 9, 2021

10:22 A.M.

- - -

THE CLERK: Calling CV 20-11271, Agnes Itzhaki, et al., versus United States Liability Insurance Company, et al.

Counsel, please state your appearances.

THE COURT: Why don't we start with the plaintiff counsel.

MR. ANAPOL: Good morning, Your Honor. Neil Anapol on behalf of the plaintiff.

THE COURT: All right. Good morning.

MR. KOSTEN: Your Honor, good morning. Ilya Kosten representing United States Liability Insurance Company.

THE COURT: Really interesting case involving an unfortunate set of circumstances.

I have had a chance to review all the papers. We've gone back and forth in chambers talking about the case.

I have some questions that I wanted to see if you would all indulge me and help me as I try to make a decision as it relates to this.

I will start with Mr. Anapol. Tell me why Peralta is not -- you say he is not an independent contractor. Walk

me through that, please.

MR. ANAPOL: Well, there's several reasons.

One, just to start with, if he were an independent contractor, it matters who he was an independent contractor for. And he was working for Rontal Development which was not an insured under the policy at the time of the accident.

Now, there is an endorsement that purports to add him later, but I am saying that that endorsement is not valid.

THE COURT: All right. We'll talk about that in a moment. But -- so go ahead.

MR. ANAPOL: But the reason he is not an independent contractor is because, if you look at the factors involved in independent contracting work -- one, control, Ms. Itzhaki basically told him exactly what she wanted done and how to do it so she could control him.

THE COURT: Can I stop you there. She told Peralta what to clean, but are there any facts to suggest that either Ms. Itzhaki or Rontal controlled the methods or any aspect of the grubbing?

MR. ANAPOL: Well, she was -- she was fairly specific about what it was that she wanted done and how it was to be done. There was debris on the property. There was mattresses and tires, and there was a certain area of the property that she wanted done.

This is -- it's only about 15 acres that's adjacent to the road there that -- where people were dumping things, not the entire property. So, yes, she did, with some specificity, describe to him what she wanted done.

THE COURT: Okay.

MR. ANAPOL: I don't think that the law requires any more than that to be in control of the employee's work.

THE COURT: Let's talk about the second prong, which is this grubbing work. That doesn't appear to be anything that's necessarily in Ms. Itzhaki's lane or Rontal Development's lane, does it?

MR. ANAPOL: You know, I think that is interesting. In the defendant's reply brief, they say he worked -- he performed work, grubbing that was outside the usual course of Rontal's business, vacant land development, and Peralta customarily even if occasionally engaged in independently established trade.

But then five pages later, when they're talking about the pollution exclusion, they say Peralta's operations for Rontal Development were very much industrial in nature -- Rontal Development is engaged in the business of holding multiple parcels of vacant land for investment purposes. So they're saying that that work actually is within the scope of what Rontal does.

So they're trying to have it both ways. They're

saying for purposes of the independent contractor exclusion, yeah, it was outside of what they do -- it was just clearing vacant land; but for the purposes of pollution exclusion, it's exactly what they do.

THE COURT: Continue on with the factors, if we could.

MR. ANAPOL: And then I think it's undisputed that this is not what Mr. Peralta typically did. He was a motorcycle racing organizer.

THE COURT: Right.

MR. ANAPOL: This was an odd job that he picked up, in this particular case.

THE COURT: Well, but is that really fair to say, that it was just an odd job in this particular case? I thought Peralta had engaged in grubbing certainly more than one occasion and perhaps more than for Ms. Itzhaki.

MR. ANAPOL: Yes. He had done it before. That's true, but that doesn't make him a professional grubber.

THE COURT: Okay.

MR. ANAPOL: I mean, the question is whether he was engaged in an independently established trade. I don't know that grubbing is an independently established trade. It's not something for which you would need a license. It's not something that he -- I mean, yes, he occasionally did it. But if somebody mows your lawn once or twice, that

doesn't make him a professional gardener.

THE COURT: Well, but that's interesting because I am going to ask Mr. Kosten a question about -- it's funny you mention the lawn mower, sort of, analogy because I have a question related to that.

One might say, if they come once or twice a week, they are your gardener. Right? That's what they do. Right?

MR. ANAPOL: Yes. But if they came once every five years, I don't know that you could make that claim.

THE COURT: Okay.

MR. ANAPOL: And I think the argument -- what happened here was not that he was there once or twice a week or once or twice a month but a couple of times in the past over many, many years.

THE COURT: Okay. I see the distinction you are trying to draw.

He wasn't paid hourly; right? We know that. Correct?

MR. ANAPOL: That is true.

THE COURT: He could engage in other occupations. In fact, he did the motorcycle racing; right?

MR. ANAPOL: Yes, Your Honor.

THE COURT: Lastly, did he engage in any other work for Rontal or Ms. Itzhaki?

MR. ANAPOL: Not that I know of, Your Honor.

THE COURT: Okay. Look. This case troubles me on a whole host of levels.

When I look at the case law that talks about, sort of, independent contractor and, you know, it seems like there is an uphill climb for the plaintiff.

Having said that, I just have a lot of concerns with the notion that it's, sort of, no good deed goes unpunished.

I assumed that Ms. Itzhaki was -- had a responsibility to keep the land in a certain, sort of -- there were expectations about maintaining the premises, and she tries to do something, and now she gets sued, and she goes to her insurance company, and her insurance company says, "You are on your own."

So I have -- I see both sides of the -- of this issue. It's just, when I am looking at the law and, sort of, the exclusions that apply, I am having some trouble finding that Mr. Peralta was an employee versus an independent contractor.

And I would ask, related to that, do you think the facts in this case, are they different from the facts in cases that were cited by defendants such as that Fireman's Fund case that they cite in their papers?

MR. ANAPOL: I don't think that case was decided

under California law. But, again, even if the Court were to conclude that he was an independent contractor, there is still a second question of whether he was an independent contractor for Ms. Itzhaki.

And the land was owned by Rontal Development. He was doing work for Rontal Development.

THE COURT: As relates to that, I understand -- I think I understand your argument, but are we splitting hairs or making a distinction without a difference?

I mean, Ms. Itzhaki is Rontal Development, isn't she? There is no one else involved in Rontal Development; right?

MR. ANAPOL: No. There are other partners. It's a general partnership.

THE COURT: Right but --

MR. ANAPOL: The argument that the defendant makes in the reply brief is, well, she would be covered by the policy as the general partner of Rontal Development.

But it doesn't work the other way around. It doesn't make it such that Rontal Development would be covered because she's covered.

The only way Rontal Development becomes an insured is by changing the policy after the accident happened. And when she did that, she did not intend to destroy coverage, and she wasn't informed by USLI that that is what the

consequence of that change would be.

THE COURT: Okay. All right. Let's talk about the premises exclusion for a moment. Defense relies on Sylla and Oil Base. They say -- I'm sorry. They say that Sylla and Oil Base are no longer applicable. Do you have any other cases that support your interpretation of the accident or -- as the cause of loss as opposed to the actual loss?

MR. ANAPOL: Well, first of all, there isn't any case that overrules Sylla and Oil Base.

But, secondly, the policy itself contains a lot of hints that what they intended was that the cause of the loss arise from the property. And there is a provision which covers hostile fire -- there is food contamination. And those things, obviously, contemplate damage that arises from on the property, and the resulting damage or the resulting harm occurs somewhere else like there is a fire, it spreads to another property. Well, the harm is on the other property.

If you were to interpret policy the way they are suggesting, then there wouldn't be any coverage for a fire that starts on your property. And there wouldn't be any coverage for food contamination unless the person who got the spoiled food got sick on your property.

So it's just inconsistent with everything else in

the policy to say that the damage has to occur on the property.

THE COURT: Okay. All right.

Mr. Kosten, I want to give you a moment to respond. You heard my earlier comment. I have some heartburn about this.

Here is Ms. Itzhaki. She owns this property, she's trying to maintain it. I mean, is it your view that she would have to do the grubbing in order for your client to tender a defense?

MR. KOSTEN: Yes, Your Honor. The way the exclusion works, the independent contractor exclusion, it, basically, excludes coverage for any work done by an independent contractor.

So if Rontal had an employee that did the grubbing on the vacant land on this parcel and others, that exclusion would not apply. But --

THE COURT: Let me -- I want to jump, if I could, to the lawn mower analogy. Let's say Ms. Itzhaki hires a landscaper to come once every week to tender -- deal with the property. And let's say the winds cause the dust up. Is she covered?

MR. KOSTEN: That would depend on the contract between them. It would depend on the nature of their relationship. The way Mr. Anapol explained it to

Your Honor, he said, "Well, gee. Peralta didn't really specialize in grubbing; so therefore, he is not a true professional."

He is trying to distinguish that from, let's say, a plumber or an electrician who has specific training in a trade who have a business card and maybe a license and who go around doing that precise work.

That I don't think matters as much as the fact that there are really only two alternatives. Either he is an employee, or he is somebody else -- he is an independent contractor who is not an employee.

And given the two choices, he is clearly not an employee. You've got nobody testifying in their declarations that he was regularly paid, had a W-2, was on their payroll, had something that the employer instructed him to do and how to do it.

THE COURT: Wait. Let me stop you there. Couldn't one make the argument that Ms. Itzhaki said, "Look. I need someone to take care of this." Okay? "I need you to handle it for me. You know about this -- you have done motorcycle races. You know generally about this kind of land. I need you to take care of this problem for me."

Isn't that enough for her to have directed? Is she supposed become an expert in grubbing and say, "You must go to this portion of the land and take this many mattresses

off or don't dig more than two feet --" I am just trying to understand where the line is drawn.

MR. KOSTEN: There has to be control, I think, over the actual performance of the work. If she had told him, "I want you to do it on a specific date at a specific time because I have something else happening on that land -- I want you to do it in the following fashion, east to west or north to south," however she would have exercised more control, telling somebody that, "That's the piece of land I want you to clear," is not sufficient control.

THE COURT: That's where I am having some difficulty. Why? What was she supposed to do? She's got this land, people are dumping on it. I need it cleared. I call someone. I say, "Mr. Peralta, clear this land. Get it done."

Are you suggesting that she was supposed to, sort of, define exactly how she wanted it done? I mean, my assumption is that she wanted to get the land cleared. There is no need to have a discussion about east, west, north, south. Just get it cleared because I have liability if I don't clear it.

MR. KOSTEN: Correct. Your Honor, to begin, that's only one factor, the control over the actual performance of the work. That's only one factor. The other factors, by the way, are all against him being an employee.

But even sticking to that one factor, there is a distinction between somebody having a plumber come in; right? And she says, "I want that refrigerator fixed," for example. He goes ahead and applies his expertise and knowledge and fixes the refrigerator. She needs not tell him anything else.

But if he were her employee, she probably would tell him to unplug the darn thing before you start so he doesn't electrocute himself. She would probably tell him to start with a freezer -- I don't know the exact --

THE COURT: I don't know if that's the best analogy, though. I mean, whether it's an employer or not, probably the same thing -- fix it.

I mean, literally as I was reviewing this, I was thinking to myself, okay. Does this mean, then -- I don't have this scenario -- I have a gardener come once a week to our home. God forbid there is some dust storm and the dust gets out into the street, causes a vision problem, there is a head-on collision in front of my house.

Am I not covered because, A, that gardener is not -- could be argued not an employee of mine -- I don't give him a W-2 -- I just pay him once a month or whenever they come? B, I didn't direct them -- I didn't say, hey, I need these rose bushes done here, I need these weeds picked here, I need these hedges trimmed here. I wondered if under

this analysis I would be out of luck.

MR. KOSTEN: It's possible. It's possible. I think that the exclusion is pretty clear. The exclusion anticipates that there would be no coverage for anybody who is an independent contractor, i.e., not an employee. And nobody has said he is an employee.

You can talk about the degree to which she gave him instruction. I mean, our perception from what Ms. Itzhaki told us -- told USLI was that she just identified the property, the parcel that needed to be cleaned.

How to do it, when -- when he should wait for the winds or not, that was not discussed. It was not conveyed to us as having been discussed, but those are, sort of, incidental factors.

What you don't have is an insured telling you or proving that he was an employee. And the only alternative to being an employee was an independent contractor.

And with much regret, I have to say, if you had the USLI policy the way it's written, with that exclusion, it's quite likely that Your Honor would not be covered for your gardener's work.

THE COURT: So let me ask you this. What about the distinction that Mr. Anapol tried to draw, saying, well, Peralta was hired by Rontal? Rontal, at least on the date

of the incident, was not officially the insured? It was done retroactively? Does that make a difference in the analysis?

MR. KOSTEN: To begin with, Your Honor, I am floored by the fact that they would play this gamut. It's a gamble where they're actually disclaiming coverage for the party that could be held liable in this action.

And let me just try to put it on all fours: For some reason, Ms. Itzhaki was the named insured under the policy. And by the way, this isn't the first policy that USLI had issued. It's been renewed a number of times both before and after the accident.

But be that as it may, the original policy was issued to Ms. Itzhaki as the named insured. Her agent realizes, oh my God. Rontal, the actual owner of the property, is not insured. I better make it so. They approach USLI and request that the policy be --

THE COURT: I understand. Look. Again, I think I said this earlier. No good deed goes unpunished on both sides. The broker -- I assume the broker in good faith is like, oh, wait. Rontal is not covered. Let's fix that.

MR. KOSTEN: Right.

THE COURT: But now, Mr. Anapol is using Rontal as a sword and a shield himself in the sense he's saying -- so my question is -- indulge me for one moment. Let's assume

for the sake of this discussion that Peralta was hired by Rontal and on the date of the event Rontal, quote/unquote, was not the name insured.

In your mind, Mr. Kosten, would that change the analysis on whether or not -- you know, would it change the analysis at all?

MR. KOSTEN: Sure. So in Mr. Anapol's view, the whole problem is that USLI changed the named insured from the beginning. In other words, he says, well, once the accident happened, you can't do it.

THE COURT: Right.

MR. KOSTEN: Well, if he had asked to make somebody an insured after the accident, it's a known loss. The only way to do it was from the beginning of the policy period.

Otherwise, it's a known loss, and you don't get any coverage at all. You just can't do that. You can't make somebody the insured for something you already know that happened. So that would not be an option.

So what USLI did -- the only thing it could do is it said, okay. We will adjust the policy named insured to say Rontal from the very beginning of the policy period so that there is no question that they were an insured.

And by the way, nobody took coverage away from Ms. Itzhaki. She qualifies as an insured because she's the

general partner of Rontal.

What happened is USLI adds an insured to its policy, provides the exact same coverage under the exact same terms --

THE COURT: I understand. I understand but --

MR. KOSTEN: -- accused of refusing coverage.

THE COURT: Mr. Anapol says, number one, on the date of the incident, Rontal was not insured -- was not a named insured, I should say and that somehow changes the analysis on whether or not Mr. Peralta was an independent contractor because Mr. Peralta did the work on behalf of Rontal and not, at least on the date of the incident, the named insured. What's your argument against that sort of analysis?

MR. KOSTEN: My argument is that Ms. Itzhaki, whether she independently owned the land or was general partner of Rontal or however she is part of this whole equation, the exclusion applies for the work on behalf of any insured.

So if she was the named insured and she's also the general partner of Rontal who is directing Mr. Peralta what to do and how to do it, she's acting in the course and scope of a general partner of Rontal. She may not be the owner. She's still an insured because she's a general partner of Rontal.

THE COURT: What about -- I mean, you just used the words "Rontal was directing Mr. Peralta." Couldn't Mr. Anapol, say, "Aha, you acknowledge that Mr. Peralta was being directed and controlled by an insured. Therefore, he was acting more like an employee than an independent contractor"?

MR. KOSTEN: Again, I come back to the fact that it's one factor. Again, the degree to which Mr. Peralta was instructed is minimal. But again it is one just one factor. Nobody has said that he has been paid with a W-2 with overtime, with holidays, so on and so forth. And I don't acknowledge that he was instructed. There is only so much you can say to tell somebody "clean up this piece of land."

THE COURT: Right.

MR. KOSTEN: And I think that is what was done. She might have said, "Okay. I want you to clean this particular parcel and not the others because there is too much garbage on it." Okay. But that doesn't make him an employee. That just specifies where he should go do the work.

THE COURT: Then do you concede that, if she had, for sake of this question, hired someone on -- an employee of Rontal had done the same thing that Mr. Peralta did, then USLI would provide coverage?

MR. KOSTEN: If it was an employee of Rontal, I

think the -- well, I think this exclusion would not apply.

THE COURT: Okay.

MR. KOSTEN: There are other --

THE COURT: Other exclusions.

MR. KOSTEN: Right.

THE COURT: Okay. All right. Fair enough. Great. Thank you, Mr. Kosten.

Mr. Anapol, I will give you a few moments to respond, if you wish.

MR. ANAPOL: First of all, I think what he is saying is, if the job is very, very simple and you don't have to explain in great depth how to do it, like mop the floor, then that person is always going to be an independent contractor.

It is actually the opposite. If you have a very complex job like practicing law or practicing medicine, they're always an independent contractor. It's a very simple job that is more likely to make a person an employee because you don't have to tell him in great depth what it is that they are doing.

Secondly, if -- he has not established that Mr. Peralta was an employee of Rontal Development on the day of the accident, and Rontal Development is not the same thing as Agnes Itzhaki. That's -- I mean, the policy is very specific. Actual words of the policy matter.

The policy says that the person has to be an employee of any insured or has to be a contractor of any insured. If you are not doing work for an insured, that exclusion does not apply. So if he is an independent contractor or an employee of Rontal Development, the exclusion doesn't apply.

THE COURT: All right. All right, Counsel. Thank you very much. I appreciate the argument on both sides. I have got some things I want to think about so I am going to take this under submission.

It's not likely that I will issue a ruling on this case until probably mid to late next week. So the matter will remain under submission until then.

Thank you all. Stay safe and, hopefully, we'll get to see each other in person in the not too distant future. Thank you.

MR. ANAPOL: Thank you, Your Honor.

MR. KOSTEN: Thank you.

(Proceedings concluded at 10:49 a.m.)

--oOo--

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date: April 27, 2021.

*/S/ CHIA MEI JUI*________

Chia Mei Jui, CSR No. 3287

**MR. ANAPOL: [21]** 3/10 4/2 4/12 4/21 5/6 5/12 6/7 6/11 6/17 6/20 7/9 7/12 7/20 7/23 8/1 8/25 9/13 9/16 10/9 20/10 21/17
**MR. KOSTEN: [18]** 3/13 11/11 11/23 13/3 13/22 15/2 16/4 16/22 17/7 17/12 18/6 18/15 19/7 19/15 19/25 20/3 20/5 21/18
**THE CLERK: [1]** 3/4
**THE COURT: [38]**

**-**

**--oOo [1]** 21/20

**1**

**100 [1]** 1/11
**10:22 [2]** 1/18 3/2
**10:49 [1]** 21/19
**11271 [1]** 3/4
**15 acres [1]** 5/1
**1925 [1]** 2/9

**2**

**20-11271 [1]** 3/4
**20-11271-AB [1]** 1/9
**202 [1]** 2/4
**2021 [3]** 1/17 3/1 22/10
**2550 [1]** 2/4
**27 [1]** 22/10
**28 [1]** 22/4
**282-8088 [1]** 2/10

**3**

**310 [1]** 2/10
**3287 [2]** 1/23 22/15
**350 [2]** 1/24 2/9

**4**

**4311 [1]** 1/24

**5**

**566-7355 [1]** 2/5

**7**

**7355 [1]** 2/5
**753 [1]** 22/3

**8**

**8088 [1]** 2/10
**818 [1]** 2/5

**9**

**90012 [1]** 1/24
**90067 [1]** 2/10
**91505 [1]** 2/5

**A**

**AB [1]** 1/9
**accident [7]** 4/6 9/23 10/7 16/12 17/10 17/13 20/23
**accused [1]** 18/6
**acknowledge [2]** 19/3 19/12
**acres [1]** 5/1
**acting [2]** 18/22 19/5
**action [1]** 16/7
**actual [5]** 10/7 13/4 13/23 16/15 20/25
**add [1]** 4/7
**adds [1]** 18/2
**adjacent [1]** 5/2
**adjust [1]** 17/21
**after [3]** 9/23 16/12 17/13
**again [5]** 9/1 16/18 19/7 19/8 19/9
**against [2]** 13/25 18/13
**agent [1]** 16/14
**AGNES [3]** 1/5 3/4 20/24
**Aha [1]** 19/3
**ahead [2]** 4/11 14/4
**al [2]** 3/5 3/6
**already [1]** 17/18
**alternative [1]** 15/17
**alternatives [1]** 12/9
**always [2]** 20/13 20/17
**analogy [3]** 7/4 11/19 14/12
**analysis [6]** 15/1 16/3 17/5 17/6 18/10 18/14
**ANAPOL [10]** 2/3 2/3 3/11 3/24 11/25 15/24 16/23 18/7 19/3 20/8
**Anapol's [1]** 17/7
**ANDRÉ [1]** 1/3
**ANGELES [4]** 1/19 1/24 2/10 3/1
**another [1]** 10/18
**anticipates [1]** 15/4
**appear [1]** 5/9
**appearances [2]** 2/1 3/7
**applicable [1]** 10/5
**applies [2]** 14/4 18/18
**apply [5]** 8/18 11/17 20/1 21/4 21/6
**appreciate [1]** 21/8
**approach [1]** 16/17
**APRIL [3]** 1/17 3/1 22/10
**area [1]** 4/24
**argued [1]** 14/21
**argument [7]** 7/12 9/8 9/16 12/18 18/13 18/15 21/8
**arise [1]** 10/13
**arises [1]** 10/15
**around [2]** 9/19 12/7
**asked [1]** 17/12
**aspect [1]** 4/20
**assume [2]** 16/20 16/25
**assumed [1]** 8/10
**assumption [1]** 13/18
**away [1]** 17/24

**B**

**back [2]** 3/19 19/7
**BARBANEL [1]** 2/8
**Base [3]** 10/4 10/5 10/10
**basically [2]** 4/15 11/13
**become [1]** 12/24
**becomes [1]** 9/22
**before [3]** 6/17 14/8 16/12
**begin [2]** 13/22 16/4
**beginning [3]** 17/9 17/14 17/22
**behalf [3]** 3/11 18/11 18/18
**best [1]** 14/11
**better [1]** 16/16
**between [2]** 11/24 14/2
**BIROTTE [1]** 1/3
**both [5]** 5/25 8/16 16/11 16/19 21/8
**brief [2]** 5/13 9/17
**broker [2]** 16/20 16/20
**BURBANK [1]** 2/5
**bushes [1]** 14/24
**business [3]** 5/15 5/21 12/6

**C**

**CALIFORNIA [9]** 1/2 1/6 1/6 1/19 1/24 2/5 2/10 3/1 9/1
**call [1]** 13/14
**Calling [1]** 3/4
**came [1]** 7/9
**card [1]** 12/6
**care [2]** 12/19 12/22
**cases [2]** 8/23 10/6
**cause [3]** 10/7 10/12 11/21
**causes [1]** 14/18
**CCRR [1]** 1/23
**CENTRAL [1]** 1/2
**CENTURY [1]** 2/9
**certain [2]** 4/24 8/11
**certainly [1]** 6/15
**CERTIFICATE [1]** 21/21
**certify [1]** 22/3
**chambers [1]** 3/19
**chance [1]** 3/18
**change [3]** 10/1 17/4 17/5
**changed [1]** 17/8
**changes [1]** 18/9
**changing [1]** 9/23
**CHIA [3]** 1/23 22/14 22/15
**choices [1]** 12/12
**circumstances [1]** 3/17
**cite [1]** 8/24
**cited [1]** 8/23
**claim [1]** 7/10
**clean [3]** 4/18 19/13 19/16
**cleaned [1]** 15/11
**clear [4]** 13/10 13/14 13/21 15/3
**cleared [3]** 13/13 13/18 13/20
**clearing [1]** 6/2
**clearly [1]** 12/12
**client [1]** 11/9
**climb [1]** 8/6
**cmjui.csr [1]** 1/25
**Code [1]** 22/4
**collision [1]** 14/19
**comment [1]** 11/5
**company [6]** 1/7 1/10 3/5 3/15 8/14 8/14
**complex [1]** 20/16
**concede [1]** 19/21
**concerns [1]** 8/7
**conclude [1]** 9/2
**concluded [1]** 21/19
**Conference [1]** 22/8
**conformance [1]** 22/7
**consequence [1]** 10/1
**contains [1]** 10/11
**contamination [2]** 10/14 10/23
**contemplate [1]** 10/15
**Continue [1]** 6/5
**contract [1]** 11/23
**contracting [1]** 4/14
**contractor [20]** 3/25 4/4 4/4 4/13 6/1 8/5 8/20 9/2 9/4 11/12 11/14 12/11 15/5 15/18 18/11 19/6 20/14 20/17 21/2 21/5
**control [7]** 4/15 4/16 5/7 13/3 13/9 13/10 13/23
**controlled [2]** 4/19 19/4
**conveyed [1]** 15/13
**CORPORATION [1]** 1/11
**counsel [4]** 2/1 3/7 3/9 21/7
**couple [1]** 7/14
**course [2]** 5/15 18/22
**coverage [11]** 9/24 10/21 10/23 11/13 15/4 16/6 17/17 17/24 18/3 18/6 19/24
**covered [7]** 9/17 9/21 9/21 11/22 14/20 15/21 16/21
**covers [1]** 10/14
**CSR [2]** 1/23 22/15
**customarily [1]** 5/16
**CV [2]** 1/9 3/4

**D**

**damage [3]** 10/15 10/16 11/1
**darn [1]** 14/8
**date [6]** 13/5 15/25 17/2 18/8 18/12 22/10
**day [1]** 20/22
**deal [1]** 11/20
**debris [1]** 4/23
**decided [1]** 8/25
**decision [1]** 3/22
**declarations [1]** 12/14
**deed [2]** 8/8 16/19
**defendant [2]** 2/7 9/16
**defendant's [1]** 5/13
**defendants [2]** 1/12 8/23
**defense [2]** 10/3 11/10
**define [1]** 13/17
**degree [2]** 15/7 19/8
**depend [2]** 11/23 11/24
**depth [2]** 20/12 20/19
**describe [1]** 5/4
**destroy [1]** 9/24
**development [16]** 1/5 1/6 4/5 5/15 5/20 5/21 9/5 9/6 9/10 9/11 9/18 9/20 9/22 20/22 20/23 21/5
**Development's [1]** 5/11
**difference [2]** 9/9 16/2
**different [1]** 8/22
**difficulty [1]** 13/12
**dig [1]** 13/1
**direct [1]** 14/23
**directed [2]** 12/23 19/4
**directing [2]** 18/21 19/2
**disclaiming [1]** 16/6
**discussed [2]** 15/13 15/14
**discussion [2]** 13/19 17/1
**distant [1]** 21/15
**distinction [4]** 7/16 9/9 14/2 15/24
**distinguish [1]** 12/4
**DISTRICT [3]** 1/1 1/2 1/3
**DIVISION [1]** 1/2
**draw [2]** 7/17 15/24
**drawn [1]** 13/2
**dumping [2]** 5/2 13/13
**dust [3]** 11/21 14/17 14/17

**E**

**each [1]** 21/15
**earlier [2]** 11/5 16/19
**east [3]** 2/9 13/7 13/19
**either [2]** 4/19 12/9
**electrician [1]** 12/5
**electrocute [1]** 14/9
**employee [20]** 8/19 11/15 12/10 12/11 12/13 13/25 14/7 14/21 15/5 15/6 15/17 15/18 19/5 19/19 19/22 19/25 20/18 20/22 21/2 21/5
**employee's [1]** 5/7
**employer [2]** 12/15

# E

**employer... [1]** 14/12
**endorsement [2]** 4/7 4/8
**engage [2]** 7/21 7/24
**engaged [4]** 5/16 5/21 6/15 6/21
**enough [2]** 12/23 20/6
**entire [1]** 5/3
**entitled [1]** 22/6
**equation [1]** 18/18
**established [4]** 5/17 6/21 6/22 20/21
**even [3]** 5/16 9/1 14/1
**event [1]** 17/2
**exact [3]** 14/10 18/3 18/3
**exactly [3]** 4/15 6/4 13/17
**example [1]** 14/4
**excludes [1]** 11/13
**exclusion [14]** 5/19 6/1 6/3 10/3 11/12 11/12 11/16 15/3 15/3 15/20 18/18 20/1 21/4 21/6
**exclusions [2]** 8/18 20/4
**exercised [1]** 13/8
**expectations [1]** 8/12
**expert [1]** 12/24
**expertise [1]** 14/4
**explain [1]** 20/12
**explained [1]** 11/25

# F

**fact [4]** 7/22 12/8 16/5 19/7
**factor [5]** 13/23 13/24 14/1 19/8 19/9
**factors [4]** 4/14 6/5 13/25 15/15
**facts [3]** 4/18 8/22 8/22
**fair [2]** 6/13 20/6
**fairly [1]** 4/21
**faith [1]** 16/20
**fashion [1]** 13/7
**FCRR [1]** 1/23
**FEDERAL [1]** 1/23
**feet [1]** 13/1
**few [1]** 20/8
**finding [1]** 8/19
**fire [3]** 10/14 10/17 10/21
**Fireman's [1]** 8/24
**Fireman's Fund [1]** 8/24
**first [4]** 1/24 10/9 16/10 20/10
**five [2]** 5/18 7/10
**fix [2]** 14/13 16/21
**fixed [1]** 14/3
**fixes [1]** 14/5
**floor [1]** 20/13
**floored [1]** 16/5
**following [1]** 13/7
**food [3]** 10/14 10/23 10/24
**forbid [1]** 14/17
**foregoing [1]** 22/4
**format [1]** 22/7
**forth [2]** 3/19 19/11
**fours [1]** 16/8
**freezer [1]** 14/10
**FRIDAY [2]** 1/17 3/1
**front [1]** 14/19
**Fund [1]** 8/24
**funny [1]** 7/3
**future [1]** 21/16

# G

**gamble [1]** 16/6
**gamut [1]** 16/5
**garbage [1]** 19/18
**gardener [4]** 7/1 7/7 14/16 14/20
**gardener's [1]** 15/22
**gave [1]** 15/7
**gee [1]** 12/1
**general [7]** 9/14 9/18 18/1 18/16 18/21 18/23 18/24
**generally [1]** 12/21
**gets [2]** 8/13 14/18
**give [3]** 11/4 14/22 20/8
**given [1]** 12/12
**gmail.com [1]** 1/25
**God [2]** 14/17 16/15
**goes [4]** 8/8 8/14 14/4 16/19
**gone [1]** 3/19
**good [6]** 3/10 3/12 3/13 8/8 16/19 16/20
**great [3]** 20/7 20/12 20/19
**grubber [1]** 6/18
**grubbing [9]** 4/20 5/9 5/14 6/15 6/22 11/9 11/15 12/2 12/24

# H

**hairs [1]** 9/8
**handle [1]** 12/20
**happened [5]** 7/13 9/23 17/10 17/19 18/2
**happening [1]** 13/6
**harm [2]** 10/17 10/18
**having [5]** 8/7 8/18 13/11 14/2 15/14
**he -- I [1]** 6/24
**he's [1]** 16/24
**head [1]** 14/19
**head-on [1]** 14/19
**heard [1]** 11/5
**heartburn [1]** 11/6
**hedges [1]** 14/25
**held [2]** 16/7 22/6
**help [1]** 3/22
**hereby [1]** 22/3
**hey [1]** 14/23
**himself [2]** 14/9 16/24
**hints [1]** 10/12
**hired [3]** 15/25 17/1 19/22
**hires [1]** 11/19
**holding [1]** 5/22
**holidays [1]** 19/11
**HOLLYWOOD [1]** 2/4
**home [1]** 14/17
**HONORABLE [1]** 1/3
**hopefully [1]** 21/14
**host [1]** 8/3
**hostile [1]** 10/14
**hourly [1]** 7/18
**house [1]** 14/19
**however [2]** 13/8 18/17

# I

**i.e [1]** 15/5
**identified [1]** 15/10
**ILYA [2]** 2/8 3/13
**incident [3]** 16/1 18/8 18/12
**incidental [1]** 15/15
**INCLUSIVE [1]** 1/11
**inconsistent [1]** 10/25
**independent [20]** 3/25 4/3 4/4 4/13 4/14 6/1 8/5 8/20 9/2 9/3 11/12 11/14 12/10 15/5 15/18 18/10 19/5 20/13 20/17 21/4
**independently [4]** 5/17 6/21 6/22 18/16
**INDIVIDUAL [1]** 1/5
**indulge [2]** 3/22 16/25
**industrial [1]** 5/20
**informed [1]** 9/25
**instructed [3]** 12/15 19/9 19/12
**instruction [1]** 15/8
**insurance [5]** 1/10 3/5 3/14 8/14 8/14
**insured [25]**
**intend [1]** 9/24
**intended [1]** 10/12
**interesting [3]** 3/16 5/13 7/2
**interpret [1]** 10/20
**interpretation [1]** 10/6
**investment [1]** 5/22
**involved [2]** 4/14 9/11
**involving [1]** 3/16
**issue [2]** 8/17 21/11
**issued [2]** 16/11 16/14
**itself [1]** 10/11
**ITZHAKI [18]** 1/5 3/4 4/15 4/19 6/16 7/25 8/10 9/4 9/10 11/7 11/19 12/18 15/9 16/9 16/14 17/25 18/15 20/24
**Itzhaki's [1]** 5/10

# J

**job [5]** 6/11 6/14 20/11 20/16 20/18
**JR [1]** 1/3
**JUDGE [1]** 1/3
**Judicial [1]** 22/8
**JUI [3]** 1/23 22/14 22/15
**jump [1]** 11/18

# K

**keep [1]** 8/11
**kind [1]** 12/21
**knowledge [1]** 14/5
**known [2]** 17/13 17/16
**KOSTEN [6]** 2/8 3/14 7/3 11/4 17/4 20/7

# L

**land [15]** 5/15 5/22 6/3 8/11 9/5 11/16 12/22 12/25 13/6 13/9 13/13 13/14 13/18 18/16 19/13
**landscaper [1]** 11/20
**lane [2]** 5/10 5/11
**Lastly [1]** 7/24
**late [1]** 21/12
**later [2]** 4/8 5/18
**law [8]** 2/3 2/3 2/8 5/6 8/4 8/17 9/1 20/16
**lawn [3]** 6/25 7/4 11/19
**least [2]** 15/25 18/12
**let [4]** 11/18 12/17 15/23 16/8
**levels [1]** 8/3
**liability [5]** 1/7 1/10 3/5 3/14 13/20
**liable [1]** 16/7
**license [2]** 6/23 12/6
**like [6]** 8/5 10/17 16/21 19/5 20/12 20/16
**likely [3]** 15/21 20/18 21/11
**LIMITED [1]** 1/7
**line [1]** 13/2
**literally [1]** 14/14
**LLC [1]** 1/6
**longer [1]** 10/5
**look [5]** 4/13 8/2 8/4 12/18 16/18
**looking [1]** 8/17
**LOS [4]** 1/19 1/24 2/10 2/13
**loss [5]** 10/7 10/8 10/12 17/13 17/16
**lot [2]** 8/7 10/11
**LP [1]** 1/5
**luck [1]** 15/1

# M

**maintain [1]** 11/8
**maintaining [1]** 8/12
**make [12]** 3/22 6/18 7/1 7/10 9/20 12/18 16/2 16/16 17/12 17/18 19/18 20/18
**makes [1]** 9/16
**making [1]** 9/9
**many [3]** 7/15 7/15 12/25
**matter [3]** 20/25 21/12 22/6
**matters [2]** 4/4 12/8
**mattresses [2]** 4/24 12/25
**maybe [1]** 12/6
**mean [11]** 6/20 6/24 9/10 11/8 13/17 14/12 14/14 14/15 15/8 19/1 20/24
**medicine [1]** 20/16
**MEI [3]** 1/23 22/14 22/15
**mention [1]** 7/4
**methods [1]** 4/19
**mid [1]** 21/12
**might [2]** 7/6 19/16
**mind [1]** 17/4
**mine [1]** 14/21
**minimal [1]** 19/9
**moment [4]** 4/11 10/3 11/4 16/25
**moments [1]** 20/8
**month [2]** 7/14 14/22
**mop [1]** 20/12
**more [7]** 5/7 6/15 6/16 13/1 13/8 19/5 20/18
**morning [3]** 3/10 3/12 3/13
**motorcycle [3]** 6/9 7/22 12/21
**mower [2]** 7/4 11/19
**mows [1]** 6/25
**Mr. Anapol [7]** 3/24 11/25 15/24 16/23 18/7 19/3 20/8
**Mr. Anapol's [1]** 17/7
**Mr. Kosten [4]** 7/3 11/4 17/4 20/7
**Mr. Peralta [11]** 6/8 8/19 13/14 18/10 18/11 18/21 19/2 19/3 19/8 19/23 20/22
**Ms. Itzhaki [15]** 4/15 4/19 6/16 7/25 8/10 9/4 9/10 11/7 11/19 12/18 15/9 16/9 16/14 17/25 18/15
**Ms. Itzhaki's [1]** 5/10
**much [6]** 5/20 12/8 15/19 19/12 19/18 21/8
**multiple [1]** 5/22
**must [1]** 12/24
**myself [1]** 14/15

# N

**name [1]** 17/3
**named [7]** 16/9 16/14 17/8 17/21 18/9 18/13 18/20
**nature [2]** 5/21 11/24
**necessarily [1]** 5/10
**need [9]** 6/23 12/19 12/19 12/22 13/13 13/19 14/24 14/24 14/25
**needed [1]** 15/10

**N**

needs [1] 14/5
NEIL [3] 2/3 2/3 3/10
next [1] 21/12
nobody [4] 12/13 15/6 17/24 19/10
north [2] 13/8 13/20
notion [1] 8/8
number [2] 16/11 18/7
number one [1] 18/7

**O**

obviously [1] 10/15
occasion [1] 6/16
occasionally [2] 5/16 6/24
occupations [1] 7/21
occur [1] 11/1
occurs [1] 10/17
odd [2] 6/11 6/14
off [1] 13/1
OFFICES [1] 2/3
OFFICIAL [1] 1/23
officially [1] 16/1
oh [2] 16/15 16/21
Oil [3] 10/4 10/5 10/10
once [9] 6/25 7/6 7/9 7/13 7/14 11/20 14/16 14/22 17/9
one [14] 4/3 4/14 6/16 7/6 9/11 12/18 13/23 13/24 14/1 16/25 18/7 19/8 19/9 19/9
only [9] 5/1 9/22 12/9 13/23 13/24 15/17 17/14 17/20 19/12
oOo [1] 21/20
operations [1] 5/19
opposed [1] 10/7
opposite [1] 20/15
option [1] 17/19
order [1] 11/9
organizer [1] 6/9
original [1] 16/13
others [2] 11/16 19/17
Otherwise [1] 17/16
out [2] 14/18 15/1
outside [2] 5/14 6/2
over [3] 7/15 13/4 13/23
overrules [1] 10/10
overtime [1] 19/11
own [1] 8/15
owned [2] 9/5 18/16
owner [2] 16/15 18/23
owns [1] 11/7

**P**

P.C [1] 2/8
page [1] 22/7
pages [1] 5/18
paid [3] 7/18 12/14 19/10
papers [2] 3/18 8/24
parcel [3] 11/16 15/10 19/17
parcels [1] 5/22
PARK [1] 2/9
part [1] 18/17
particular [3] 6/12 6/14 19/17
partner [6] 9/18 18/1 18/17 18/21 18/23 18/24
partners [1] 9/13
partnership [2] 1/6 9/14
party [1] 16/7
past [1] 7/14
pay [1] 14/22
payroll [1] 12/15
PENNSYLVANIA [1] 1/11
people [2] 5/2 13/13
Peralta [18] 3/24 4/18 5/16 6/8 6/15 8/19 12/1 13/14 15/25 17/1 18/10 18/11 18/21 19/2 19/3 19/8 19/23 20/22
Peralta's [1] 5/19
perception [1] 15/8
performance [2] 13/4 13/24
performed [1] 5/14
perhaps [1] 6/16
period [2] 17/15 17/22
person [5] 10/23 20/13 20/18 21/1 21/15
picked [2] 6/11 14/24
piece [2] 13/9 19/13
plaintiff [3] 3/8 3/11 8/6
PLAINTIFFS [2] 1/8 2/2
play [1] 16/5
please [2] 3/7 4/1
plumber [2] 12/5 14/2
policy [18] 4/6 9/18 9/23 10/11 10/20 11/1 15/20 16/10 16/10 16/13 16/17 17/14 17/21 17/22 18/3 20/24 20/25 21/1
pollution [2] 5/19 6/3
portion [1] 12/25
possible [2] 15/2 15/2
practicing [2] 20/16 20/16
precise [1] 12/7
premises [2] 8/12 10/3
pretty [1] 15/3
probably [4] 14/7 14/9 14/13 21/12
problem [3] 12/22 14/18 17/8
proceedings [3] 1/16 21/19 22/6
professional [3] 6/18 7/1 12/3
prong [1] 5/8
property [14] 4/23 4/25 5/3 10/13 10/16 10/18 10/19 10/22 10/24 11/2 11/7 11/21 15/10 16/16
provide [1] 19/24
provides [1] 18/3
proving [1] 15/17
provision [1] 10/13
purports [1] 4/7
purposes [3] 5/23 6/1 6/3
pursuant [1] 22/3

**Q**

qualifies [1] 17/25
question [7] 6/20 7/3 7/5 9/3 16/25 17/23 19/22
questions [1] 3/21
quite [1] 15/21
quote [1] 17/2
quote/unquote [1] 17/2

**R**

races [1] 12/21
racing [2] 6/9 7/22
realizes [1] 16/15
really [4] 3/16 6/13 12/1 12/9
reason [2] 4/12 16/9
reasons [1] 4/2
refrigerator [2] 14/3 14/5
refusing [1] 18/6
regret [1] 15/19
regularly [1] 12/14
regulations [1] 22/8
related [2] 7/5 8/21
relates [2] 3/23 9/7
relationship [1] 11/25
relies [1] 10/3
remain [1] 21/13
renewed [1] 16/11
reply [2] 5/13 9/17
reported [1] 22/5
REPORTER [1] 1/23
REPORTER'S [1] 1/16
representing [1] 3/14
request [1] 16/17
requires [1] 5/6
respond [2] 11/5 20/9
responsibility [1] 8/11
resulting [2] 10/16 10/16
retroactively [1] 16/2
review [1] 3/18
reviewing [1] 14/14
right [19] 3/12 4/10 6/10 7/7 7/8 7/18 7/22 9/12 9/15 10/2 11/3 14/3 16/22 17/11 19/14 20/5 20/6 21/7 21/7
road [1] 5/2
RONTAL [38]
Rontal's [1] 5/15
ROOM [1] 1/24
rose [1] 14/24
ruling [1] 21/11

**S**

safe [1] 21/14
sake [2] 17/1 19/22
same [5] 14/13 18/3 18/4 19/23 20/23
saying [6] 4/8 5/23 6/1 15/24 16/24 20/11
scenario [1] 14/16
scope [2] 5/24 18/22
second [2] 5/8 9/3
secondly [2] 10/11 20/21
Section [1] 22/3
see [4] 3/21 7/16 8/16 21/15
seems [1] 8/5
sense [1] 16/24
set [1] 3/17
several [1] 4/2
shield [1] 16/24
sick [1] 10/24
sides [3] 8/16 16/20 21/8
simple [2] 20/11 20/18
somebody [7] 6/25 12/10 13/9 14/2 17/13 17/18 19/13
somehow [1] 18/9
someone [3] 12/19 13/14 19/22
something [6] 6/23 6/24 8/13 12/15 13/6 17/18
somewhere [1] 10/17
sorry [1] 10/4
sort [8] 7/4 8/4 8/8 8/11 8/17 13/16 15/14 18/13
south [2] 13/8 13/20
specialize [1] 12/2
specific [5] 4/22 12/5 13/5 13/5 20/25
specificity [1] 5/4
specifies [1] 19/19
splitting [1] 9/8
spoiled [1] 10/24
spreads [1] 10/17
start [5] 3/8 3/24 4/3 14/8 14/10
starts [1] 10/22
state [1] 3/7
STATES [6] 1/1 1/10 3/5 3/14 22/4 22/8
Stay [1] 21/14
stenographically [1] 22/5
sticking [1] 14/1
stop [2] 4/17 12/17
storm [1] 14/17
street [2] 1/24 14/18
submission [2] 21/10 21/13
such [2] 8/23 9/20
sued [1] 8/13
sufficient [1] 13/10
suggest [1] 4/18
suggesting [2] 10/21 13/16
SUITE [2] 2/4 2/9
support [1] 10/6
supposed [3] 12/24 13/12 13/16
Sure [1] 17/7
sword [1] 16/24
Sylla [3] 10/4 10/5 10/10

**T**

take [4] 12/19 12/22 12/25 21/10
talk [4] 4/10 5/8 10/2 15/7
talking [2] 3/19 5/18
talks [1] 8/4
telling [2] 13/9 15/16
tender [2] 11/10 11/20
terms [1] 18/4
testifying [1] 12/13
Thank [6] 20/7 21/7 21/14 21/16 21/17 21/18
them [2] 11/24 14/23
there's [1] 4/2
therefore [2] 12/2 19/4
thing [5] 14/8 14/13 17/20 19/23 20/24
things [3] 5/3 10/15 21/9
think [16] 5/6 5/12 6/7 7/12 8/21 8/25 9/8 12/8 13/3 15/3 16/18 19/15 20/1 20/1 20/10 21/9
thinking [1] 14/15
though [1] 14/12
thought [1] 6/15
tires [1] 4/24
Title [1] 22/4
told [5] 4/15 4/17 13/4 15/9 15/9
too [2] 19/17 21/15
took [1] 17/24
trade [4] 5/17 6/21 6/22 12/6
training [1] 12/5
transcript [3] 1/16 22/5 22/7
TREUER [1] 2/8
tried [1] 15/24
tries [1] 8/13
trimmed [1] 14/25
trouble [1] 8/18
troubles [1] 8/2
true [4] 6/18 7/20 12/2 22/4
try [2] 3/22 16/8
trying [5] 5/25 7/17 11/8 12/4 13/1
twice [4] 6/25 7/6 7/13 7/14
two [3] 12/9 12/12 13/1
two feet [1] 13/1
typically [1] 6/8

**U**

**under [7]** 4/6 9/1 14/25 16/9 18/3 21/10 21/13
**understand [6]** 9/7 9/8 13/2 16/18 18/5 18/5
**understand -- I [1]** 9/7
**undisputed [1]** 6/7
**unfortunate [1]** 3/17
**UNITED [6]** 1/1 1/10 3/5 3/14 22/4 22/8
**unless [1]** 10/23
**unplug [1]** 14/8
**unpunished [2]** 8/9 16/19
**unquote [1]** 17/2
**until [2]** 21/12 21/13
**up [3]** 6/12 11/21 19/13
**uphill [1]** 8/6
**us [2]** 15/9 15/14
**used [1]** 19/1
**using [1]** 16/23
**USLI [9]** 9/25 15/9 15/20 16/11 16/17 17/8 17/20 18/2 19/24
**usual [1]** 5/15

**V**

**vacant [4]** 5/15 5/22 6/3 11/16
**valid [1]** 4/9
**versus [2]** 3/5 8/19
**view [2]** 11/8 17/7
**vision [1]** 14/18
**vs [1]** 1/9

**W**

**W-2 [3]** 12/14 14/22 19/10
**wait [3]** 12/17 15/12 16/21
**Walk [1]** 3/25
**wanted [7]** 3/21 4/16 4/22 4/25 5/4 13/17 13/18
**weeds [1]** 14/24
**week [5]** 7/6 7/13 11/20 14/16 21/12
**west [3]** 1/24 13/7 13/19
**WESTERN [1]** 1/2
**whole [3]** 8/3 17/8 18/17
**why [3]** 3/8 3/24 13/12
**winds [2]** 11/21 15/13
**wish [1]** 20/9
**without [1]** 9/9
**wondered [1]** 14/25
**words [3]** 17/9 19/2 20/25
**work [17]** 4/14 5/7 5/9 5/14 5/23 7/25 9/6 9/19 11/13 12/7 13/4 13/24 15/22 18/11 18/18 19/20 21/3
**worked [1]** 5/14
**working [1]** 4/5
**works [1]** 11/12
**written [1]** 15/20

**Y**

**years [2]** 7/10 7/15
**Your Honor [9]** 3/10 3/13 7/23 8/1 11/11 12/1 13/22 15/21 16/4