1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   AGNES ITZHAKI, an individual;          Case No. 2:20-CV-11271-AB-AFM
     RONTAL DEVELOPMENT, LP, a
12   California partnership; RONTAL         ORDER **GRANTING** DEFENDANT
     DEVELOPMENT, LLC, a California         UNITED STATES LIABILITY
13   limited liability company,             INSURANCE'S MOTION FOR
                                            SUMMARY JUDGMENT
14
                           Plaintiffs,
15
16   v.

17   UNITED STATES LIABILITY
18   INSURANCE COMPANY, a
     Pennsylvania corporation and DOES 1
19   through 100, inclusive,

20                         Defendants.
21

22

23        Before the Court is Defendant United States Liability Insurance's

24   ("Defendant") Motion for Summary Judgment of Plaintiff Agnes Itzhaki ("Itzahki"),

25   Rontal Development, LP, Rontal Development LLC (collectively, "Plaintiffs")

26   Complaint ("Motion," Dkt. No. 14.)  Plaintiffs opposed, ("Opp'n," Dkt. No. 18), and

27   Defendant replied. ("Reply," Dkt. No. 19.)  The Court heard oral argument on April 9,

28

                                    1.

2021 and took the matter under submission.  Dkt. No. 23.  For the reasons stated below, the Court **GRANTS** Defendant's Motion for Summary Judgment.

## I. BACKGROUND

The following are the undisputed facts taken from the parties' statements of undisputed facts ("SUF," Dkt. Nos. 15, 17-1, 19-1).

### a. Factual Background

USLI issued policy no. CL 1786660A to Agnes Itzhaki, effective December 8, 2017 to December 8, 2018 ("Policy").  SUF 22.  The Policy was subsequently amended to name Rontal Development, LP DBA The Agnes Ithaki Living Trust Established November 1990 as the named insured.  SUF 22.  Rontal Development, LP owns a parcel vacant land located near the intersection of Neuralia Road and Mendiburu Road in California City, California 93505, Kern County Recorder parcel nos. APN 30227404 and APN 30227405 ("the Property").  SUF 1.

To clear the Property of debris, Agnes Itzahi, acting as General Partner of Rontal Development, LP, asked an individual named Lou Peralta ("Peralta") to "grub" the Property, which he did on or about March 15, 2018.  SUF 9, 10.  The debris, gravel, sand and dust collected by Peralta during his grubbing remained on the Property.  SUF 14. As a result, the debris, gravel, sand and dust collected by Peralta remained on the Property. SUF 14.

On April 12, 2018, there were strong winds in the vicinity of California City, including around the area of the Property.  SUF 17.  These winds allegedly caused dirt, sand, and dust to become airborne, which resulted in poor visibility on streets and roadways.  SUF 18.  That afternoon, two vehicles collided head-on on Neuralia Road, near the Property, in which Kody Arthur Nielsen was killed and his two minor sons, Paul Nielsen and Elijah Nielsen, were injured.  SUF 19.

On May 28, 2019, the action entitled *Takas v. City of California City, et al.*, Kern County Superior Court, Case No. BCV-19-101351 (the "*Takas* Action"), was

2.

filed by and on behalf of Holly Takas, Paul Nielsen, Elijah Nielsen, and Zoey Takas, against the City of California City, Plaintiffs, Lou Peralta, and Doe Defendants.  SUF 16.  On or about July 10, 2019, Plaintiffs were served with the summons and complaint in the *Takas* Action ("*Takas* Complaint").  SUF 21.  Plaintiffs forwarded the *Takas* Complaint to Defendant and requested a defense under the Policy.  SUF 21.

### b.  Procedural Background

On October 26, 2020, the Insureds filed the operative Complaint in the Superior Court of California, County of Los Angeles, Case Number 20STCV40946 (the "Complaint").  Notice of Removal, Exh. 1, Dkt. No. 1.  Defendant removed the action this Court.  Dkt. No. 1  The Complaint alleges causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, financial elder abuse as to Agnes Itzhaki, unfair business practices under California Business & Professions Code §17200, and declaratory relief.  *See* Complaint.  Each of these causes of action is predicated upon a finding of a potential for coverage under the Policy and the corresponding duty to defend, and breach thereof by USLI, with regard to the *Takas* Action.  Defendants filed the instant Motion asserting that summary judgment is appropriate because there no such potential coverage, and thus no duty to defend exists.

## II. LEGAL STANDARD

A motion for summary judgment must be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party bears the initial burden of identifying the elements of the claim or defense and evidence that it believes demonstrates the absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the nonmoving party will have the burden of proof at trial, the movant can prevail merely

3.

by pointing out that there is an absence of evidence to support the nonmoving party's case.  *Id.*  The nonmoving party then "must set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 248.

"Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' "  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The Court must draw all reasonable inferences in the nonmoving party's favor.  *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Anderson*, 477 U.S. at 255).  Nevertheless, inferences are not drawn out of thin air, and it is the nonmoving party's obligation to produce a factual predicate from which the inference may be drawn.  *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).  "[M]ere disagreement or the bald assertion that a genuine issue of material fact exists" does not preclude summary judgment.  *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989).

## III.  JUDICIAL NOTICE

Weissburg requests that the Court take judicial notice of the underlying *Takas* Complaint; (2) a copy of the Boundary Map of the Eastern Kern Air Pollution Control District "EKAPCD"); (3) an image of the EKAPCD home page; and (4) a copy of EKAPCD Rule 402, relating to fugitive dust.  Request for Judicial Notice, Dkt. No. 19-3, "RJN".

Under Federal Rule of Evidence 201, a court may take judicial notice of matters of public record.  *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that a court may take judicial notice of "undisputed matters of public record").  Because the Takas Complaint is a court filing and available as an undisputed matter of public record, the Court **GRANTS** Defendant's request with respect to the *Takas* Complaint.

4.

Courts may take judicial notice of "government documents available from reliable sources." *Hamilton v. Paulson*, 542 F. Supp. 2d 37, 52 n. 15 (D.D.C. 2008). The three documents are promulgated by EKAPCD, a quasi-governmental agency, and published online by the EKAPCD for use and reliance upon by the general public. Thus, these documents are "not subject to reasonable dispute" and may properly be the subject of judicial notice. *See e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (taking judicial notice of list of vendors displayed on publicly available websites of government entities); *United States Small Bus. Admin. v. Bensal*, 853 F.3d 992, 1003 n.3 (9th Cir. 2017) ("It is appropriate to take judicial notice of this information [the Small Business Administration's personal guaranty requirement], as it was made publicly available by government entities.") (quoting *Daniels-Hall*, 629 F.3d at 998); *Marroquin v. Pfizer, Inc.*, 367 F. Supp. 3d 1152, 1167 (E.D. Cal. 2019) (taking judicial notice that the World Health Organization had listed a drug on its list of essential medicines, as shown by its website posting). Accordingly, the Court **GRANTS** Defendant's request with respect to the remaining documents.

## IV.   EVIDENTIARY OBJECTIONS

The parties offer numerous objections to the proffered evidence. *See generally* Plaintiff's Evidentiary Objections in Opposition to Evidence Submitted by United States Liability Insurance Company in Support of its Motion for Summary Judgment, Dkt. No. 17-8; Defendant United States Liability Insurance Company's Evidentiary Objections to the Declaration of Charles Miller, Dkt. No. 19-2.   It is "often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *Doe v. Starbucks, Inc.*, No. SACV 08-00582 AG (CWx), 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009).   Accordingly, to the extent any of the objected-to evidence is relied on in this Order, those objections are **OVERRULED**.  Any remaining objections are also **OVERRULED AS MOOT**.

*See Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1118, 1122 (E.D. Cal. 2006) (concluding that "the court will [only] proceed with any necessary rulings on defendants' evidentiary objections").

## V. DISCUSSION

Defendant argues that this Court should grant summary judgment in its favor because the Policy contains exclusions and limitations which conclusively eliminate coverage of the claims alleged against the Plaintiffs in the *Takas* Action, thus negating Defendant's duty to defend. Motion at 9–10.

Defendants do not owe a duty to defend if any of these exclusions or limitations eliminate *any potential* for coverage. *Atlantic Mutual Ins. Co. v. J. Lamb, Inc.*, 100 Cal.App.4th 1017, 1039, 123 Cal. Rptr. 2d 256 (2002). To demonstrate that an exclusion eliminates the duty to defend, an insurer must provide "conclusive evidence [proving] that the exclusion applies *in all possible worlds*." *Id.* (emphasis added). Defendants contend that the following exclusions and limitations independently and separately eliminate coverage: (1) Independent Contractors/Subcontractors Exclusion; (2) Absolute Exclusion for Pollution, Organic Pathogen, Silica, Asbestos and Lead with a Hostile Fire Exception; and (3) Premises Limitation Endorsement Schedule.

### A. Independent Contractors/Subcontractors Exclusion

Defendant first argues that the Independent Contractors/Subcontractors Exclusion applies and eliminates the duty to defend. The Independent Contractors/Subcontractors Exclusion provides:

> INDEPENDENTCONTRACTORS/SUBCONTRACTORS EXCLUSION: It is agreed that this policy shall not apply to "bodily injury," "property damage," or "personal and advertising injury" arising out of the operations performed for any insured by any contractor(s) or acts or omissions of any insured in the selection, or supervision of any contractor(s).

6.

SUF 24.

First, Plaintiffs argue that the text of this exclusion is ambiguous because "contractor" could reasonably refer to someone in the construction industry or someone who requires a contractor's license, rather than his or her employment status. Opp'n at 14. However, the Court agrees with Defendant that such an interpretation is dispelled by other provisions in the Policy including the Bodily Injury Exclusion - All Employees, Volunteer Workers, Temporary Workers, Casual Laborers, Contractors, And Subcontractor endorsement which provides the terms of coverage for bodily injury to any and all listed types of workers characterized by their employment status. Connor Decl. Exh. A. Additionally, the policy has a separate, endorsement applicable to "construction operations," which demonstrates that "construction" is distinguishable from "contracting" and that "contracting" does not refer to "construction." Connor Decl. Exh. A. The Court finds that Plaintiffs' are "straining to find ambiguity" here. *Waller v. Truck Ins. Exch.*, 11 Cal. 4th 1, 18–19 (1995). When reviewing the Policy as a whole, it is clear that "contractors" conclusively refer to "independent contractors."

Second, Plaintiffs argue that this exclusion does not apply because Peralta's grubbing was not performed for "any insured." Opp'n at 11–12. It is undisputed that Peralta performed services for Rontal Development, LP, not Itzhaki. Declaration of Agnes Itzhaki ("Itzhaki Decl.") ¶ 6, Dkt. No. 17-3. According to Plaintiff, this makes a difference because at the time of the grubbing, Itzhaki, and not Rontal Development, LP, was an insured under the Policy. Opp'n at 11. Plaintiffs do not dispute that Rontal Development, LP was made an insured under the policy on July 5, 2018, effective December 8, 2017, but argues that there is a dispute as to the validity of this endorsement. Opp'n at 11–12. Plaintiff argues that even assuming Peralta is an independent contractor, Defendants have not shown that his work was done for "any insured." *Id.* The Court finds that Plaintiffs are using the endorsement as both a

1   sword and a shield.  If the endorsement is invalid and Rontal Development, LP is *not*
2   insured, then Defendants presumably have no duty to provide coverage for Peralta's
3   actions because he did not provide work for any insured whatsoever—a result
4   Plaintiffs are hoping to avoid.  Accordingly, the Court does not find this argument
5   persuasive.
6           Third, the parties do not dispute that the underlying injury of the *Takas* Action
7   "arises out of" Peralta's action.  SUF 20.  The parties instead dispute whether Peralta
8   qualifies as an "independent contractor" under the Policy.  Under *S.G. Borello & Sons*
9   *v. Department of Industrial Relations,* 48 Cal.3d 314 (1989), "[t]he determination of
10  employee or independent-contractor status is one of fact," but becomes a question of
11  law where the evidence or inferences are undisputed.  *Id*. at 349.  Relevant factors
12  include whether the worker is engaged in a distinct occupation or business; whether
13  the work is part of the employer's regular business; the skill required in this
14  occupation; length of time services are to be performed; and method of payment.  *Id*.
15  at 350–51.
16          Here, even considering all the evidence in the light most favorable to Plaintiff,
17  the Court finds that Peralta was an independent contractor.  First, with respect to
18  control, Itzhaki told Peralta which property to clean but there are no facts to suggest
19  either she or Rontal Development, LP controlled his methods or any other aspect of
20  the grubbing.  Itzhaki Decl. ¶ 7.  Second, Itzhaki and Rontal Development, LP are in
21  the business of vacant land investment.  Here, the work was grubbing, which is not a
22  part of Itzhaki's or Rontal Development, LP's normal business operations as investors
23  in vacant land.  Third, Peralta has engaged in grubbing as a business outside of this
24  isolated project.  Peralta occasionally grubbed for other land owners in addition to his
25  work as a motorcycle race organizer.  Itzhaki Decl. ¶ 6.  Fourth, as admitted by
26  Plaintiff's counsel in oral argument, Peralta did not perform any other work for Rontal
27  Development, LP or Itzhaki—Peralta's grubbing of the Property in 2018 was an
28

8.

isolated project (any other grubbing work he did for Rontal Development, LP or Itzahki was done some years earlier).  Lastly, and also as admitted by Plaintiff's counsel in oral argument, Peralta was not paid hourly and could engage in other occupations.

While not one of these factors alone is dispositive of Peralta's status, when taken as a whole, the Court sees only one conclusion: that Peralta is an independent contractor.  The Court is left without any evidence that Peralta is actually an employee of Rontal Development, LP or Itzhaki.  Accordingly, because the underlying injury in the *Takas* Action "arose from" Peralta's actions as an independent contractor, the Independent Contractor/Subcontractor exclusion conclusively eliminates Defendant's duty to defend under the Policy.  Because the Court finds that the Independent Contractor Exclusion eliminates Defendant's duty to defend, it need not address the other two exclusions.

## VI.   CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's Motion for Summary Judgment.

Defendants shall lodge a Proposed Judgment within 14 days of the issuance of this Order.

The Pretrial Conference and Jury Trial dates are vacated.

Dated: May 04, 2021      _____
                         HONORABLE ANDRÉ BIROTTE JR.
                         UNITED STATES DISTRICT COURT JUDGE